## A99A0837. FRANCHELL et al. v. CLARK et al.
### (524 SE2d 512)

SMITH, Judge.

After an automobile collision, Ernie Franchell and Maureen Franchell as next friends of Kelly Franchell, a minor child, brought a personal injury action against Gary Lee Clark, the driver of the other vehicle, and against Eddy Arnold Clark under the family purpose doctrine. Asserting the defense of insufficient service, the Clarks moved for dismissal of the complaint. After the trial court granted that motion, the Franchells appeal. Because we find that the trial court did not abuse its discretion in dismissing the complaint, we affirm.

Nearly two years after a collision occurring in December 1991, the Franchells filed suit in the Superior Court of DeKalb County. On June 26, 1996, they dismissed their complaint without prejudice but then refiled it in the Superior Court of Fulton County. After the Franchells complained of problems with accomplishing service, the court appointed Tommy L. Piner as a special process server. Nearly three months after Piner's appointment as special process server, Piner testified by affidavit that Gary Clark would not accept service and had been avoiding contact with him. Consequently, on December 12, 1996, the court directed that Gary Lee Clark, who "has concealed himself to avoid service," be served by publication. In a return of service document, Piner averred that on December 18, 1996, he personally served the complaint and summons "while Gary Lee Clark was sitting in his vehicle in front of 244 North Main Street, Alpharetta, Georgia."

Two consent orders entered in late May 1997 disclose that the parties reached an agreement to open default, to extend discovery, and to preserve for the defendants "a full right to raise any and all defenses and to defend on any and all issues of liability and damages in this case." Less than a month later, the Clarks moved to transfer the case. In their motion to transfer, the Clarks asserted that "[a]t the time that plaintiffs' complaint was filed, defendant Gary Lee Clark resided in Hall County, Georgia. Also at the time that plaintiffs' complaint was filed, defendant Eddy Arnold Clark resided in Clayton County, Georgia."

After the case was transferred to Hall County, the court conducted a pretrial conference. When the trial court inquired as to the existence of any outstanding motions, defense counsel outlined the nature and contents of a motion to dismiss predicated on insufficiency of service and expiration of the statute of limitation.[1] Counsel

---

[1] Although the record does not include a transcript of the pretrial conference, the Clarks offered the affidavit testimony of their counsel to reconstruct these events.

averred that he advised the court in the presence of plaintiffs' counsel that he intended to present the testimony of the Clarks at the upcoming motion hearing. Subsequently, the court scheduled a hearing for May 13, 1998.

At the commencement of the motion hearing, the Franchells objected to the use of live witnesses without prior notice or order from the court. Despite the objection, the court refused to grant a continuance and permitted the Clarks to testify. After hearing their testimony and upon reviewing the affidavits submitted on behalf of the Franchells, the court dismissed the complaint. In granting the motion to dismiss, the court found "not only clear and convincing evidence, but evidence of the strongest nature which the case will admit that the Defendants have not been served with process."[2]

1. The Franchells contend the trial court erred in granting the Clarks' motion to dismiss without first giving notice that the court intended to permit live testimony at the motion hearing. They claim that by considering such evidence the trial court converted the motion to a motion for summary judgment and then failed to comply with the 30-day notice requirement of OCGA § 9-11-56 (c).

When a court considers matters outside the pleadings in reaching the merits of a motion to dismiss for insufficient process or insufficient service of process, the motion is not thereby converted to one for summary judgment. *Church v. Bell*, 213 Ga. App. 44, 45 (443 SE2d 677) (1994). Consequently, to the extent that the court in this case considered the testimony of the witnesses, it did so under OCGA § 9-11-43 (b) and not OCGA § 9-11-56. Id.

Despite the claim to the contrary, nothing in OCGA § 9-11-43 (b) precludes a court from considering oral testimony at a hearing on a motion to dismiss for insufficient service. In fact, this subsection provides in pertinent part, "When a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions." OCGA § 9-11-43 (b). Plainly, the statute affords the court the option to decide the matter by affidavit or deposition testimony or to decide the motion on the basis of oral testimony. See *Pleats, Inc. v. OMSA, Inc.*, 211 Ga. App. 643, 645 (3) (a) (440 SE2d 214) (1994). The Franchells cite no authority, and we know of none, that requires a court to spec-

---

[2] Due to the parties' inability to agree on the contents of a stipulated transcript, the trial court reconstructed the record, stating:

Counsel for the parties were present at the May 13 hearing. Over plaintiffs' counsel's objection the court permitted defendants' counsel to offer the oral testimony of both defendants. The court then considered that testimony as well as affidavits submitted on behalf of the plaintiffs in reaching its decision.

ify before the hearing whether the court will rely solely on written testimony submitted by affidavits or depositions or will consider testimony presented at the hearing.

Moreover, to afford a proper basis for review of an asserted error, the complaining party must make a proffer below outlining what the omitted testimony would have been and that such testimony would have been beneficial. See *Zohbe v. First Nat. Bank*, 162 Ga. App. 604, 605 (2) (292 SE2d 444) (1982). Although the Franchells claim that they were prevented from presenting live testimony at the motion hearing, they have failed to make a proffer of evidence and to explain how such evidence would have assisted in resolving the controversy about the perfection of service. They therefore have not provided a proper basis for review. See id.

2. The Franchells contend the trial court erred in granting the motion to dismiss after they objected to the court's refusal to allow them to present live witnesses.

It is undisputed that the Clarks' motion to dismiss for lack of personal service was filed on March 26, 1998. In this motion, the Clarks asserted that they "have never been personally served with a copy of the suit papers." Based, then, on the Clarks' affidavits as well as the contents of this motion, the Franchells were plainly apprised that the Clarks were disputing personal service. Then, on April 1, 1998, nearly a month and a half before the date set for the hearing on the motion to dismiss, the court sent notice that advised that "Defendants' Motion to Dismiss is hereby scheduled to be heard on May 13, 1998, at 9:00 o'clock a.m." Plainly, the Franchells were afforded both notice and opportunity to be heard on the merits of the motion to dismiss for insufficiency of service, but for reasons not apparent on the record, they opted not to have Piner or other witnesses ready and available to testify to rebut the Clarks' affidavit testimony or any testimony offered by the Clarks at the hearing. Nor did the Franchells establish how the testimony would have been both material and beneficial since they did not make a proffer below. *Zohbe*, supra; *McMillan v. Siver*, 233 Ga. App. 350, 352-353 (504 SE2d 208) (1998).

3. The Franchells contend the trial court erred in dismissing the complaint as to Gary Clark because the record shows that he was served both by personal service and by publication.

When a defendant in a lawsuit challenges the sufficiency of service, that defendant bears the burden of showing improper service. *Cushman v. Raiford*, 221 Ga. App. 785, 787 (472 SE2d 554) (1996). "The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citations and punctuation omitted.) Id. In this case, the trial court expressly determined that the evidence satisfied

that standard.

Absent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed. *Heis v. Young*, 226 Ga. App. 739, 741 (5) (487 SE2d 403) (1997). When the evidence is conflicting with respect to the proper receipt of service, as here, it becomes a question of fact to be resolved by the trial judge. See *Whatley's Interiors v. Anderson*, 176 Ga. App. 406, 407 (2) (336 SE2d 326) (1985). Whether the evidence is sufficient to overcome facts reflected in a return of service is a question to be resolved by the trial court as the factfinder. *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991). Those findings will not be disturbed on appellate review when supported by any evidence. *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989). Here, the trial court's findings were supported by evidence. Although the record contains the affidavit of Piner attesting that he did, in fact, personally serve Gary Clark with a copy of the complaint and summons, it also includes the affidavit of Gary Clark denying that he had been personally served with the complaint and summons. Since the record contains some evidence supporting the trial court's finding, the court did not abuse its discretion in dismissing the complaint against Gary Clark for insufficiency of service of process. Id.; see *Webb*, supra.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 3, 1999 —
RECONSIDERATION DENIED NOVEMBER 30, 1999 — ■

*Joseph M. Todd*, for appellants.
*Harper, Waldon & Craig, J. Blair Craig, Janice M. Wallace*, for appellees.

