A99A1361. BAUGHAN v. ALAOUI.
(524 SE2d 536)

PHIPPS, Judge.

On December 31, 1997, Abdelmajid Moulay Alaoui sued Nancy Haynes Baughan for injuries arising out of a January 2, 1996 automobile collision. The suit was filed two days prior to the lapse of the two-year statute of limitation for personal injury claims. On January 16, 1998, a process server attempted to serve Baughan. The process

server left the summons and complaint with Arlinda Brown, Baughan's secretary, at the law firm where Brown and Baughan, an attorney, were employees. Brown assured the process server that Baughan had authorized her to accept the documents.

On February 18, 1998, Baughan filed a special appearance and answer raising as defenses insufficiency of service, statute of limitation and laches, among others. Later, Baughan moved to dismiss, alleging Alaoui's claims were barred by the statute of limitation and that Alaoui was guilty of laches. The trial court, without making separate findings of fact, denied Baughan's motion to dismiss. Because we find that Baughan failed to satisfy her burden of showing improper service and because we find that the trial court did not abuse its discretion by finding that Alaoui had effected service in a proper and diligent manner, we affirm.

1. The evidence before the trial court with regard to service was submitted through affidavits. In her affidavit, Baughan states that:

The Summons and Complaint in this action were not given to me personally, nor were they given to me by any resident of my home. Instead, the Summons and Complaint were given to me by an employee of [my law firm]. Upon information and belief, the suit papers were left with her at the reception desk.

Alaoui appointed Daldred Mason his special agent for service of process. Mason testified by affidavit that

I asked for Ms. Baughan at the receptionist area [at Baughan's office]. The receptionist called back to her office announcing that I was there to see her. Ms. Baughan sent Arlinda Brown, her secretary, to the reception area. Ms. Arlinda Brown told me that Ms. Baughan was busy and that Ms. Baughan said that it was ok to give the documents to her. . . . But for the fact that Ms. Arlinda Brown stated that she had Ms. Baughan's authority to accept the documents from me, I would not have just left them with a secretary or receptionist or any other employee of the law firm. The Complaint for Damages was left with Ms. Baughan's agent based upon her express authority.

OCGA § 9-11-4 (d) (7) provides that service may be made by copy of summons and complaint

to the defendant personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by

delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Baughan had raised the defense of improper service of process in her answer. And, in her brief supporting her motion to dismiss, she questioned the sufficiency of service under OCGA § 9-11-4 (d) (7), alleging that service was not accomplished by any permissible method and that "Plaintiff left the suit papers with an employee at Defendant's place of employment." Therefore Baughan had placed the issue of proper service under OCGA § 9-11-4 (d) (7) before the trial court.

"When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service."[1] And this is a heavy burden.[2] Return of service constitutes a prima facie showing of personal service.[3] "The defendant is apprised by the return of what he must contest."[4] Mason's affidavit states that he effected personal service on Baughan by serving her authorized agent.

Because Baughan challenges the service which was purportedly made on her personally through Brown, as her agent, Baughan bears the burden of coming forward with evidence that she was not served personally through her agent for purposes of OCGA § 9-11-4 (d) (7). Baughan, however, presented the trial court with no evidence bearing upon the issue of agency. The opinions cited by Baughan[5] to support her argument that service on her secretary was not personal service on her do not address the situation where, as is the case here, the process server based service on the alleged express authority of an individual to accept documents on her principal's behalf. Because Baughan failed to carry her burden in challenging the sufficiency of service, the trial court correctly denied her motion to dismiss for failure to effect proper service.

2. Alaoui filed suit on December 31, 1997, two days before the two-year statute of limitation for personal injury claims expired.[6] Baughan was served on January 16, 1998. Service will relate back to the time of filing to avoid the running of the statute of limitation if Alaoui acted in a reasonable and diligent manner to ensure proper

[1] *Patterson v. Coleman*, 252 Ga. 152 (311 SE2d 838) (1984).

[2] *Denham v. Jones*, 96 Ga. 130, 132 (23 SE 78) (1895); *Norman Svc. Indus. v. Lusty*, 168 Ga. App. 164, 165 (308 SE2d 411) (1983).

[3] *Harvey v. Harvey*, 147 Ga. App. 154 (1) (248 SE2d 214) (1978).

[4] *Hickey v. Merrit*, 128 Ga. App. 764, 766 (197 SE2d 833) (1973).

[5] *American Erectors v. Hanie*, 157 Ga. App. 687 (278 SE2d 196) (1981); *Collins v. Peacock*, 147 Ga. App. 424 (249 SE2d 142) (1978); *Bible v. Hughes*, 146 Ga. App. 769 (247 SE2d 584) (1978).

[6] OCGA § 9-3-33.

service was made as quickly as possible.[7] On appeal, the question is whether the trial court abused its discretion in concluding that there was due diligence by Alaoui in seeking to perfect service.[8]

Baughan argues that Alaoui did not show the greatest possible diligence in effecting service, citing *Sykes v. Springer*[9] and *Roberts v. Bienert*.[10] In *Roberts*, the delay in effecting service was almost one year, and in *Sykes* the delay in effecting service was one hundred six days. Here, service was made only 16 days after Alaoui filed the action, and therefore we cannot find that the trial court abused its discretion as a matter of law by denying Baughan's motion to dismiss.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 3, 1999.

*Sharon W. Ware & Associates, Panton P. Pou, Susan E. Cartwright*, for appellant.
*Harriett E. AbuBakr, Janise L. Miller*, for appellee.

---

[7] *Anderson v. Hughes*, 196 Ga. App. 186, 187 (395 SE2d 623) (1990).
[8] *Siler v. Johns*, 173 Ga. App. 692, 693 (327 SE2d 810) (1985).
[9] 220 Ga. App. 388, 390 (469 SE2d 472) (1996).
[10] 183 Ga. App. 751 (360 SE2d 25) (1987).