## A04A1211. BUTLER v. JOSEPH.
### (605 SE2d 823)

RUFFIN, Presiding Judge.
    Delores Butler filed a personal injury claim against Michael Anthony Joseph in the Magistrate Court of Clayton County, alleging that she was rear-ended by Joseph in an automobile collision. The magistrate court dismissed the claim with prejudice, finding that service on Joseph was improper and that the statute of limitation had expired. Butler appealed to the Clayton County State Court, which reversed the magistrate court. However, the state court subsequently granted Joseph's Motion for Reconsideration and Motion to Dismiss, and it is from this order that Butler now appeals. For the reasons that follow, we affirm.
    "Absent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed."[1] Butler filed suit on November 1, 2001. Clayton County deputies attempted on two occasions to serve Joseph with Butler's claim, but could not locate him. Butler subsequently filed a Motion to Serve by Publication. The

---

[1] *Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999).

magistrate court denied that motion, noting that service by publication was not "statutorily contemplated or authorized" in magistrate court. Butler did not appeal that ruling.

On January 10, 2003, the magistrate court granted Butler's Motion to Specially Appoint Process Server. The process server, Robert Miller, attempted to locate Joseph and found that "the best location" to serve him was at a residence in the city of Decatur. At the hearing on Joseph's Motion for Reconsideration, Miller testified that when he knocked on the door of that residence, Joseph's sister-in-law, Coretta Joseph, answered the door and advised Miller that Joseph was not "there at the moment" but that she would be "happy" to give the court documents to Joseph. Coretta, on the other hand, testified by affidavit that Joseph did not live with her and that she never "held out to any individual that [her] home was where [Joseph] resided or could be served."

1. On appeal, Butler argues that the court erred in dismissing this action for insufficient service. We disagree.

Pursuant to OCGA § 15-10-43 (b), a copy of the statement of claim in the magistrate court "shall be served on defendant personally, or by leaving a copy thereof at the defendant's dwelling or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the claim to an agent authorized by appointment or by law to receive service of process."[2] And

> [w]hen the evidence is conflicting with respect to the proper receipt of service, as here, it becomes a question of fact to be resolved by the trial judge. . . . Those findings will not be disturbed on appellate review when supported by any evidence.[3]

Here, Coretta testified by affidavit that Joseph did not reside at her home and that she never told anyone that he resided there or could be served there. Since the record contains some evidence supporting the trial court's ruling, and the trial judge resolves questions of credibility, the trial court did not abuse its discretion in dismissing the complaint for insufficiency of process.[4]

---

[2] In their briefs, both parties cite Chapter 11 of the Civil Practice Act, which similarly requires that a defendant be served "at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." See OCGA § 9-11-4 (e) (7). However, Chapter 11 is inapplicable in magistrate court. See OCGA § 15-10-42.

[3] (Citations omitted.) *Franchell*, supra.

[4] See id.

2. Although Butler admits that "the statute of limitations in this case expired almost eleven months ago," she nonetheless argues that the decision to dismiss, even if correct, was "premature," and that she should be allowed more time "to both serve [Joseph] and then at least make a factual showing of her due diligence in doing so." We appreciate Butler's efforts, as reflected in the record, to serve Joseph. However, Butler cites no support for the novel proposition that she should be allowed some indefinite period of time to perfect service. Accordingly, this argument is without merit.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED OCTOBER 19, 2004.

*William L. Ray, Jr.*, for appellant.
*Louis L. McLendon*, for appellee.