A05A0070. WELLS v. THE DRAIN DOCTOR, INC. et al.

(616 SE2d 880)

ADAMS, Judge.

Three days before the running of the applicable statute of limitation, Ladon W. Wells filed an action for damages arising out of an automobile collision, and he named Michael R. Morrison and his employer The Drain Doctor, Inc. as defendants. But Wells has never served Morrison with process, and the trial court found his attempts to serve Drain Doctor were not diligent. Wells appeals following the trial court's dismissal of his complaint.

Wells alleged that on January 8, 2002, Morrison caused a collision while acting as an agent of Drain Doctor. Wells filed suit on January 5, 2004, three days before the running of the applicable statute. See OCGA § 9-3-33. A deputy attempted to serve Morrison on or before January 20, but Morrison could not be located. A deputy attempted to serve Drain Doctor many times at an address in Chatsworth on March 9 but received no response. A deputy served "Valerie for Robert Smalley" on March 9. Robert Smalley is the registered agent for Drain Doctor, and Valerie is his personal secretary. But Smalley averred that his personal secretary performs ministerial duties only, that she has never been designated as his agent for the purposes of accepting service on his behalf, and that she is not authorized to accept service on his behalf.

On April 6, 2004, Morrison and Drain Doctor filed their defenses and answer and raised the defense of insufficiency of process and service of process with regard to service of the complaint and summons upon them, as well as that the action was barred by the statute of limitation. On June 1, Morrison and Drain Doctor moved to dismiss or, in the alternative, for summary judgment.[1] On June 2, a deputy served Smalley on behalf of Drain Doctor. Morrison has never been served. The trial court dismissed the complaint because Wells failed to exercise due diligence in completing service.

"Absent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed. . . . Those findings will not be disturbed on appellate review when supported by any evidence." (Citations omitted.) *Franchell v. Clark*, 241 Ga. App. 128, 131 (524 SE2d 512) (1999).

Three interrelated issues are presented that have different burdens of proof. The first is whether Wells acted in a reasonable and

---

[1] "Motions to dismiss for insufficiency of service of process are matters in abatement, and do not form a proper basis for motions for summary judgment or convert to motions for summary judgment when matters outside the pleadings are considered. [Cit.]" *Cushman v. Raiford*, 221 Ga. App. 785, 786 (472 SE2d 554) (1996).

diligent manner in attempting service, and as to that determination, Wells has the burden of proof:

> Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (if the service is more than five days after the filing) depends on the length of time and the diligence used by the plaintiff. The correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.

(Citations and punctuation omitted.) *Wade v. Whalen*, 232 Ga. App. 765 (1) (504 SE2d 456) (1998). See also *Jarmon v. Murphy*, 164 Ga. App. 763, 764 (298 SE2d 510) (1982) ("The burden is on the *plaintiff*, not the sheriff, to show diligence in attempting to insure that proper service has been made as quickly as possible.") (emphasis in original).

With regard to service on Morrison, Wells has failed to cite any action on his part to show that he has acted diligently in attempting to serve process. Indeed, Morrison has still not been served. Morrison was properly dismissed. With regard to Drain Doctor, Wells has failed to cite to any action on his part to show that he acted reasonably or diligently between the time the complaint was filed on January 5 and the initial attempt to serve Drain Doctor on March 7, a period of over two months. A plaintiff must provide specific dates or details to show diligence and cannot rely on conclusory statements. *Freemon v. Dubroca*, 177 Ga. App. 745, 746 (2) (341 SE2d 276) (1986).

The second issue is whether service on Smalley's personal secretary was sufficient, and on that issue, the initial burden of proof was on Drain Doctor. See *Merck v. Saint Joseph's Hosp. of Atlanta*, 251 Ga. App. 631, 632 (555 SE2d 11) (2001) (burden of demonstrating improper service is on the defendant). But once Drain Doctor presented Smalley's affidavit denying that Valerie was his agent for service of process, Drain Doctor's burden on this issue shifted back to Wells. See id. Wells has not provided any counter to Smalley's affidavit stating that his secretary was not authorized to accept service on his behalf. In response to a denial of an agency relationship by a party to that relationship, mere allegations that an agency relationship exists are not sufficient. See *Standard Guaranty Ins. Co. v. Landers*, 206 Ga. App. 803, 804-805 (426 SE2d 574) (1992). Accordingly, Wells has failed to carry his burden of proof.

The third issue is whether Wells reacted properly to Drain Doctor's answer, which raised the issue of defective service. When a defendant raises the issue of defective service, a plaintiff is "from that

point forward, obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service." (Citation and punctuation omitted.) *Ingraham v. Marr*, 246 Ga. App. 445, 447 (2) (540 SE2d 652) (2000). There is no evidence in the record that Wells took any steps in reaction to Drain Doctor's answer from April 7 until June 1, when Drain Doctor moved to dismiss.

In short, the trial court's findings were supported by evidence, and the court did not abuse its discretion.

*Murray v. Sloan Paper Co.*, 212 Ga. App. 648 (442 SE2d 795) (1994), upon which Wells relies, is distinguishable because in that case the issue was whether an administrative assistant for the defendant corporation was authorized to accept service on behalf of the corporation. In this case the question is whether a secretary of the registered agent for a defendant corporation was the registered agent's personal agent for the purpose of accepting service. See also *McClendon v. 1152 Spring Street Assoc.-Ga., Ltd. III*, 225 Ga. App. 333, 336 (484 SE2d 40) (1997) (service of process on a registered agent must be made under the applicable personal service provisions of OCGA § 9-11-4 (d)).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 30, 2005.

*Goddard, Thames, Hammontree & Bolding, Matthew D. Thames*, for appellant.
*Downey & Cleveland, George L. Welborn*, for appellees.