## A09A2307. NESMITH v. LANDMARK DODGE, INC.
(691 SE2d 240)

MILLER, Chief Judge.

Barry Nesmith filed this action to recover damages from Landmark Dodge, Inc. ("Landmark") for its breach of an alleged contractual obligation to make repairs to Nesmith's vehicle. Landmark raised the defense of insufficient process and insufficient service of process in its answer, and filed a motion to dismiss for lack of service, which the trial court granted. On appeal, Nesmith contends that dismissal was erroneous because the evidence failed to support the trial court's finding that Landmark's administrative assistant was not an agent of Landmark's registered agent and could not accept service on behalf of the principal, Landmark. Landmark failed to carry its burden of showing that its administrative assistant was not authorized to accept service on its behalf. Accordingly, we reverse.

"Absent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed. . . . Those findings will not be disturbed on appellate review when supported by any evidence." (Citations and punctuation omitted.) *Wells v. Drain Doctor, Inc.*, 274 Ga. App. 127 (616 SE2d 880) (2005).

The record shows that on August 8, 2007, a Clayton County deputy sheriff attempted to serve Landmark with a copy of the summons and complaint by visiting the office of its registered agent, Alfred Brillanti, and serving Sarah Cooper, administrative assistant "in charge of the office and place of doing business of said Corporation." Landmark filed its answer and raised the affirmative defenses

of insufficiency of process and service of process. Thereafter, Landmark moved to dismiss on the grounds that Cooper was "neither the registered agent of, an officer of, nor a person authorized to accept service for [Landmark,]" but acknowledged that Cooper was its administrative assistant. Nesmith filed his response to Landmark's motion to dismiss, asserting that service was proper because Cooper "was acting as an agent of the intended recipient" and that Cooper accepted service of the summons and complaint as Landmark's agent. In support of its response, Nesmith attached a copy of the sheriff's return of service and a copy of a document from the Secretary of State's office, which listed Brillanti as the registered agent for Landmark as well as Landmark's officers, of which Cooper was not included. Finding that Cooper was "neither [the] registered agent of the corporation [n]or authorized by the corporation to receive service of process[,]" the trial court dismissed Nesmith's complaint for lack of personal jurisdiction over Landmark.

Nesmith argues that the trial court erred in dismissing his case because Landmark failed to produce any evidence refuting an agency relationship between Cooper and Brillanti, as Landmark's registered agent. We agree. Landmark failed to controvert the return of service with any evidence that Cooper lacked the authority to accept service on its behalf.

"When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citations and punctuation omitted.) *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (1) (442 SE2d 795) (1994). "The defendant is apprised by the return of what he must contest." (Punctuation and footnote omitted.) *Baughan v. Alaoui*, 240 Ga. App. 661, 663 (1) (524 SE2d 536) (1999).

Here, since Landmark challenges the service which was allegedly made on it personally through Cooper, it "bears the burden of coming forward with evidence that [Cooper was not authorized to accept service for Landmark]." *Baughan*, supra, 240 Ga. App. at 663 (1). "In order for an employee to be authorized to accept service on behalf of a corporation, it is necessary that the employee's position be such as to afford reasonable assurance that [she] will inform [her] corporate principal that such process has been served upon [her]." *Murray*, supra, 212 Ga. App. at 649 (2). Landmark, however, failed to present the trial court with any competent evidence, in the form of affidavits or otherwise, to dispute Cooper's authority to receive service for it. In view of the fact that Cooper was a nonofficer employee of Landmark, Landmark could have presented an affidavit from Brillanti or Cooper to the effect that Cooper's responsibilities

were solely ministerial and that she lacked any supervisory or managerial responsibilities with Landmark. See id. (corporate employee who is not an officer is authorized to accept service for corporation if she occupies "some position of managerial or supervisory responsibility within the organization") (citation and punctuation omitted). This Landmark failed to do. Compare *Aikens v. Brent Scarbrough & Co.*, 287 Ga. App. 296, 298 (651 SE2d 214) (2007) (defendant submitted affidavit from its registered agent stating that he never authorized his receptionist to accept service of papers from a private process server and that receptionist lacked managerial or supervisory responsibilities); see also *Bowers v. Economation, Inc.*, 208 Ga. App. 661 (431 SE2d 420) (1993) (defendant supported its motion to set aside judgment with affidavits from its vice president and receptionist indicating that receptionist was never an officer or agent authorized to accept service for it and never had supervisory or managerial responsibilities with the company).

Given that Landmark failed to carry its burden of showing that Cooper did not have managerial or supervisory responsibilities within its corporation, we conclude that the trial court abused its discretion in granting Landmark's motion to dismiss. *Wells*, supra, 274 Ga. App. at 128; *Baughan*, supra, 240 Ga. App. at 662-663 (1); *Murray*, supra, 212 Ga. App. at 649 (2) (nothing in the record indicated that administrative assistant's actual duties did not entail managerial or supervisory responsibilities; thus, defendant failed to discharge its burden of showing improper service).[1] Accordingly, we reverse the trial court's dismissal of Nesmith's complaint for lack of personal jurisdiction over Landmark.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 11, 2010.

*Smith, White, Sharma & Halpern, Talitha S. Kates, Jon D. Stewart, Jr.*, for appellant.

*Buckley King, Robert P. White, Diem N. Kaelber*, for appellee.

---

[1] Unlike *Murray*, the record did not present a conflict in the evidence for the trial court to resolve. Given that Landmark failed to produce any evidence to support its motion to dismiss, the concerns expressed by the dissent in *Murray* are inapplicable.