# Court of Appeals
# of the State of Georgia

ATLANTA,  May 03, 2012

*The Court of Appeals hereby passes the following order:*

**A12A0732.  FREEMAN v. STYLES HOLDINGS, LLC et al.**

"This court has a duty to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court.  Where it is apparent that jurisdiction to decide the case does not exist, the appeal must be dismissed."[1]  For reasons outlined below, we dismiss this appeal for lack of jurisdiction.

JoSelf Freeman filed a complaint in the state court, asserting that his car had been wrongfully towed from the parking lot of Shannon Woods Apartments, the apartment community where he lived as a tenant, and that he since had been unsuccessful in his attempts to recover his car and its contents. Freeman named three defendants:  (i) Styles Holdings, LLC, d/b/a Shannon Woods Apartments; (ii) St. Armands Partners, LLC d/b/a Shannon Woods Apartments; and (iii) Caroline's Towing, Inc.

The record contains two marshal's returns of service, one stating that "Ivan Horne (Shannon Woods)" was served, and the other stating that "Caroline Towing" was served.

---

[1] *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006) (footnotes omitted).

1

Two of the defendants, Styles Holdings and St. Armands Partners, filed a joint motion captioned "Motion for Summary Judgment," wherein they pursued procedural and substantive defenses. In its order, the trial court ruled in their favor, solely on the asserted ground that Freeman had failed to perfect service upon them within the applicable statutory limitation period.[2] Freeman appeals that order.

Nonmenclature aside, the trial court's ruling is properly construed as a dismissal for insufficiency of service of process, rather than the grant of a summary judgment.[3] "[A] motion for summary judgment is designed to test the *merits* of the claim."[4] "Motions to dismiss for insufficiency of service of process are matters in abatement, and do not form a proper basis for motions for summary judgment or convert to motions for summary judgment when matters outside the pleadings are considered."[5] "[OCGA § 9-11-56] contemplates a judgment on the merits, and cannot be properly

---

[2] See generally *Oglesby v. Deal*, 311 Ga. App. 622, 626 (1) (716 SE2d 749) (2011) (noting that sheriff's return of service provides prima facie proof of proper service, but it is not conclusive and may be traversed; when a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service).

[3] *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) (pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature).

[4] *Ogden Equipment Co. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459) (1974) (citation and punctuation omitted; emphasis supplied).

[5] *Wells v. The Drain Doctor*, 274 Ga. App. 127 (n. 1) (616 SE2d 880) (2005). (citations and punctuation omitted).

utilized to raise matter in abatement."[6] Thus, even "[w]hen a court considers matters outside the pleadings in reaching the merits of a motion to dismiss for insufficient process or insufficient service of process, the motion is not thereby converted to one for summary judgment."[7] Accordingly, this appeal does not fall within the purview of OCGA § 9-11-56 (h), providing for a direct appeal from an order granting summary judgment.[8]

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed."[9]

Because Freeman's action against Caroline Towing remained pending in the trial court, the trial court's entry of the dismissal order as to the other defendants did not constitute a final judgment within the contemplation of OCGA § 5-6-34 (a) (1); nor was the dismissal order directly appealable in its own right under OCGA § 9-11-

---

[6] *Ogden Equipment Co.*, supra.

[7] *Franchell v. Clark*, 241 Ga. App. 128, 129 (1) (524 SE2d 512) (1999) (citations omitted).

[8] That subsection pertinently provides, "An order granting summary judgment on any issue or as to any party shall be subject to review by appeal."

[9] *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (citations and punctuation omitted).

56 (h); the trial court did not direct entry of final judgment under OCGA § 9-11-54 (b); and Freeman did not comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b). Consequently, we lack jurisdiction over Freeman's appeal, and it must be DISMISSED.[10]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __05/03/2012__
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ , *Clerk.*

---

[10] See *Church v. Bell*, 213 Ga. App. 44 (443 SE2d 677) (1994).