**FOURTH DIVISION**
**DILLARD, P. J.,**
**RAY and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 13, 2017**

# In the Court of Appeals of Georgia

A17A0371. RUSSELL v. MUSCOGEE COUNTY SCHOOL DISTRICT et al.

SELF, Judge.

This case arose out of a collision between a car in which appellant, Roderick Russell, was a passenger and a school bus owned by the Muscogee County School District ("the MCSD") and driven by its employee, Richard Shores. Russell sued Shores alleging he was negligent in causing the collision and also sued the MCSD on the theory of vicarious liability and for negligent entrustment of a vehicle and negligent hiring. Following the entry of a default judgment against them, the MCSD and Shores (collectively "appellees") entered a special appearance and moved to dismiss the complaint, or in the alternative, open default based upon Russell's failure to effect proper service. The trial court granted the motion to dismiss and Russell

appeals. For the reasons explained below, we affirm the portion of the trial court's order dismissing the complaint against Shores, but reverse the portion dismissing the complaint against the MCSD.

On November 3, 2014, Russell filed this lawsuit against the MCSD and Shores, seeking damages for personal injuries arising out of an automobile accident that occurred on November 2, 2012.[1] On March 10, 2015, a court-appointed process server filed an affidavit of service attesting that on November 5, 2014, he served the MCSD by leaving a copy of the summons and complaint with "the assistant for the HR Department, 2960 Macon Road, Columbus, Georgia." On October 16, 2015, Russell filed a motion for entry of default on the ground that appellees failed to file an answer.

On January 28, 2016, appellees filed an answer by special appearance and moved to dismiss the complaint pursuant to OCGA § 9-11-12 (b) (4) and (5) or, in the alternative, open default based upon Russell's failure to effect proper service. In support of the motion, Shores submitted his own affidavit stating that as of January 28, 2016, he had not been served with the summons or complaint. Russell did not

---

[1] As November 2, 2014 was a Sunday, Russell filed suit on Monday, November 3, 2014. See OCGA § 1-3-1 (d) (3).

respond to the motion.[2] In their answer, appellees raised the defenses of insufficiency of process, service of process, and the running of the statue of limitation. On August 2, 2016, the trial court granted the motion to dismiss finding as follows:

> Defendants having moved for dismissal of this action as to claims against them set forth by the Plaintiff, and it appearing that Plaintiff has neither responded nor objected to such dismissal, and said Motion having come before the Court with no response, and the Court having considered the Motion, and the Argument and Citation of Authority, hereby GRANTS [Defendants'] Motion. Therefore, the above-styled action is hereby DISMISSED.

On August 30, 2016, Russell filed a "motion and brief to reconsider and vacate order granting defendants' motion to dismiss." Russell attached an amended affidavit of service to the motion, in which the court-appointed process server attested as follows:

> On [November 5, 2014,] I entered the [MCSD] building and was required to sign in at the front desk on the first level. I first asked the desk attendant where the proper place for the documents to be served would be and was told that I would need to go to the HR department. I was given a "physical pass" to enter the building and instructed where to go. I went to the 2nd floor and reported to the receptionist's desk. I

---

[2] Russell admits as much in his appellate brief and explains that his original attorney and an "associated" attorney brought on to assist with the entry of default were confused as to who bore responsibility for responding to the motion to dismiss.

3

explained that I had legal documents to serve to the [MCSD] and was advised that. . . she would need to call someone to find the proper place for them to go, while I waited. I watched as the receptionist called someone and could hear over the phone the person state that I could just leave it with them at the front desk. I was then told that I could leave the documents with her. I was given a name of the Deputy Superintendent, Becky Braaten, that the document would end up going to. I further believed that was who the receptionist was speaking to. Because I entered into a secured building with multiple levels of security and I was not able to just walk in and meet with the Deputy Superintendent and I was forced to follow the instructions of the office protocol, I left the documentation with the receptionist. I fully believe that this was the process that the HR department followed and replicated. Everyone including the downstairs desk attendant knew where and whom the documentation went to. The receptionist and the person that she was speaking to was made aware of the documentation and what it was in reference to and [its] meaning.

The process server further stated that on August 15, 2016, he returned to the MCSD to serve a copy of the same package of documents in this case and was told by the receptionist in the "HR department" that, following a phone a call, she had been instructed to accept the paperwork and would pass it on to "Mrs. Tracey Fox, Director of Risk Management for the [MCSD]."

4

On August 31, 2016, Russell filed a supplemental brief in support of motion to reconsider and vacate order granting defendants' motion to dismiss. In that brief, Russell pointed out the MCSD admitted proper service in a companion case, which was served by the same court-appointed process server with a near-identical return of service: "On [September 22, 2014]. . . I personally served [MCSD] a copy of the summons and complaint. . . to defendant by leaving a copy with assistant for Hr. Dept. 2960 Macon Road, Columbus, Georgia."[3] On September 1, 2016, before the trial court could rule on the motion for reconsideration, Russell filed a notice of appeal from the trial court's order granting appellees' motion to dismiss.

1. In two related enumerations, Russell contends that the trial court erred in dismissing the complaint under OCGA § 9-11-12 (b) (4) and (5) because there was no deficiency in the process issued in this case and no insufficiency of *service* of that process. In their brief, appellees concede the first contention, noting that "[i]t is the service of the [c]omplaint and summons that was invalid." Accordingly, we need only address the issue of the sufficiency of service in this case.

---

[3] Appellees noted in their brief in support of their motion to dismiss that the companion case, brought by the driver of the vehicle in which Russell was a passenger, was dismissed without prejudice in August 2015, due to the plaintiff's failure to appear.

5

"When a defendant in a lawsuit challenges the sufficiency of service, that defendant bears the burden of showing improper service. The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citations and punctuation omitted.) *Franchell v. Clark*, 241 Ga. App. 128, 130 (3) (524 SE2d 512) (1999). "The. . . return of service constitutes prima facie proof of the facts recited therein, but it is not conclusive and may be traversed by proof that such facts are untrue. . . . Whether evidence is sufficient to overcome facts reflected in a return of service is a matter addressed to the discretion of the trial court." (Citation and punctuation omitted.) *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991). This Court will not disturb those findings when supported by any evidence. *Franchell*, supra.

(a) At the outset, we note that there is absolutely no evidence in the record that Shores was served. On the contrary, Shores affirmed that as of January 28, 2016, – 14 months after the complaint was filed in this case – he still had not been served with the summons or complaint. Accordingly, the trial court did not err in dismissing the complaint against Shores for insufficient service of process.

(b) As for whether service of process on the MCSD was sufficient, OCGA § 9-11-4 (e) provides:

6

[e]xcept for cases in which the defendant has waived service, the summons and complaint shall be served together. The plaintiff shall furnish the clerk of the court with such copies as are necessary. Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: . . . (5) If against a county, municipality, city, or town, to the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city, or to an agent authorized by appointment to receive service of process. *If against any other public body or organization subject to an action, to the chief executive officer or clerk thereof*[.]

(Emphasis supplied.) OCGA § 9-11-4 (e) (5). Here, the MCSD argued in their motion to dismiss that service upon "the assistant for the HR department" was insufficient under the statute. Relying on *Foskey v. Vidalia City School*, 258 Ga. App. 298, 302 (b) (574 SE2d 367) (2002), and the court-appointed process server's first affidavit of service, the MCSD argued that "the assistant for the HR Department" is not the chief executive officer or clerk of the MCSD and, therefore, was not authorized to accept service on its behalf. See id. (noting that plaintiff served the mayor of the city, who was neither the chief executive officer or clerk of Vidalia City School District, as provided by OCGA § 9-11-4 (e) (5)).[4] Merely stating this fact, however, does not

---

[4] In their appellate brief, the MCSD also relies on *Aaron v. Gwinnett County School District*, No. 1:14-CV-00408-WSD, 2015 U.S. Dist. Lexis 80946 (N.D. Ga.

make it true. The MCSD bore the burden of coming forward with evidence that the assistant for the HR department was not a "clerk" within the meaning of the statute. See *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (442 SE2d 795) (1994) (defendant failed to meet its burden of showing that administrative assistant's duties "did not entail managerial or supervisory responsibilities" so as to render service of process on her insufficient under OCGA § 9-11-4 (d) (1)).

In *Murray*, plaintiffs sued the defendant company for injuries sustained in a collision. Plaintiff served the defendant company pursuant to OCGA § 9-11-4 (d) (1) by leaving a copy of the summons and complaint with the administrative assistant. The trial court granted the defendant company's motion for summary judgment, or in the alternative, motion to dismiss on the ground of insufficient service of process. We reversed dismissal of the complaint, finding that the administrative assistant was an authorized agent for the corporation. We concluded that the *burden* was on the defendant to show that the administrative assistant's responsibilities did not entail

June 23, 2015), where the plaintiff conceded that serving an insurance specialist employed by the defendant school district was not sufficient to perfect service because she was not the CEO or clerk as provided by OCGA § 9-11-4 (e) (5). Id. at *8-9.

8

managerial or supervisory responsibilities and that the defendant did not present evidence to meet this burden. Id. at 649 (2).

We reiterate in this case that the burden is on the MCSD to present evidence showing that the assistant was not a clerk just as the burden was on the defendant in *Murray* to show that the administrative assistant was not an authorized agent for the corporation. The MCSD failed to present the trial court with any evidence, whether by affidavit or otherwise, to dispute the assistant's position as a clerk authorized to accept service under the statute. See, e.g., *Nesmith v. Landmark Dodge*, 302 Ga. App. 315, 316 (691 SE2d 240) (2010) (defendant failed to present trial court with competent evidence showing administrative assistant was not authorized to accept service on behalf of corporation). Compare *Summerlin v. Georgia Pines Cmty. Svc. Bd.*, 278 Ga. App. 831, 833-834 (1) (630 SE2d 115) (2006), affirmed, *Georgia Pines Cmty. Svc. Bd. v. Summerlin*, 282 Ga. 339 (647 SE2d 566) (2007) (reversing grant of summary judgment to defendant because personnel manager was clerk within the meaning of OCGA § 9-11-4 (e) (5), and explaining that, "[w]hile the word 'clerk' is not defined in the statute, 'all words, except words of art, shall be given their ordinary significance.' Black's Law Dictionary defines the word 'clerk' as a person employed in public office 'whose duties include keeping records or accounts.' The American

9

Heritage Dictionary defines the word 'clerk' as a person who works in an office 'performing such tasks as keeping records, attending to correspondence, or filing.'")

Given that the MCSD failed to carry its burden of showing that the assistant was not a clerk within the meaning of the statute, we must conclude that the trial court erred in granting the motion to dismiss as to the MCSD. See *Nesmith*, supra (reversing dismissal of complaint); *Murray*, supra (same).

2. Russell also argues that we must vacate the trial court's order and remand the case because it is unlikely the trial court considered the entire record in making its ruling; rather, the wording of the order suggests that the trial court granted appellees' motion to dismiss because Russell failed to respond. Given our holding in Division 1, supra, we need not rule on this enumeration. However, we note that while the failure of a non-moving party to respond does not automatically entitle the moving party to judgment in its favor,[5] the order here clearly states that the trial court considered the "Motion. . . and the Argument and Citation of Authority" before ruling. Based on this language, we will assume that the trial court exercised its discretion and considered the entire record before ruling on the motion. See *Pearson*

_____

[5] See *Neely v. Jones*, 264 Ga. App. 795, 796 (592 SE2d 447) (2003), citing *Bishop v. Westminster Schools*, 196 Ga. App. 891, 892 (1) (397 SE2d 143) (1990).

10

*v. Small World Day Care Center*, 234 Ga. App. 843, 844-845 (2) (a) (508 SE2d 200) (1998) (where trial court order stated that "the defendant's [motion] is unopposed and that no genuine issues of material fact remain[,]" this Court would not assume that summary judgment was granted simply because the plaintiff did not respond to defendant's motion).

*Judgment affirmed in part and reversed in part. Dillard, P. J. and Ray, J., concur.*

11