**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 2, 2020**

# In the Court of Appeals of Georgia

A20A0905. RAFAC v. JIANGSU LINHAI POWER MACHINERY GROUP CORPORATION.

MILLER, Presiding Judge.

A Gwinnett County trial court granted Jiangsu Linhai Power Machinery Group Corp.'s motion to dismiss after determining that Jiangsu was never properly served and that the statute of limitations had expired as to the plaintiff's claims. The plaintiff, James A. Rafac, appeals from the grant of the motion to dismiss and the denial of his motion to vacate and set aside. Rafac argues that the trial court erred because it placed the initial burden on him to establish valid service, rather than on Jiangsu to prove invalid service. We agree that the trial court improperly shifted the burden of proof to Rafac, and we therefore vacate the trial court's orders granting Jiangsu's motion

to dismiss and denying Rafac's motion to vacate and set aside and remand this case to the trial court for reconsideration of Jiangsu's motion to dismiss.

> A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. Such an abuse occurs where the trial court's ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law. The trial court resolves factual disputes regarding service, and we will uphold the court's findings if there is any evidence to support them.

(Citations and punctuation omitted.) *Parsons v. Mertz*, 320 Ga. App. 786, 788 (1) (740 SE2d 743) (2013).

The record shows that in April 2014, Rafac was allegedly involved in an all-terrain vehicle accident in Panama. On June 14, 2017, Rafac filed suit against Jiangsu and numerous other parties in connection with the accident. Rafac indicated that his civil suit was a renewal action, as his previous lawsuit was voluntarily dismissed. The record contains a sheriff's return of service, filed on June 21, 2017, indicating that a sergeant served Jiangsu by leaving a copy of the action and summons with "Robert Ho, Agent,"[1] at 1715 Lakes Parkway in Lawrenceville, Georgia.

---

[1] Both parties appear to acknowledge that Robert Ho is the same person as Ronald Ho.

In December 2017, Rafac filed a motion for entry of default judgment against Jiangsu. Rafac argued that Jiangsu was personally served with the complaint and summons and that Jiangsu had neither filed any responsive pleading nor opened default as a matter of right. Rafac also claimed that Jiangsu had designated Sunright International of America, Inc., through its principal Ronald Ho, as its agent for accepting service of process. Along with his motion, Rafac filed a document entitled "Appointment of Agent for Service of Process on a Foreign Manufacturer," which stated that, pursuant to the National Traffic and Motor Vehicle Safety Act, Jiangsu had appointed Sunrise International as its agent for service of process.

Jiangsu filed a special appearance and answer, pleading the affirmative defenses of insufficient process and insufficient service of process. Jiangsu also filed an objection to the motion for entry of a default judgment and a motion to dismiss, arguing that (1) Jiangsu had never been properly served in accordance with Georgia law on service on a foreign corporation (OCGA § 9-11-4); (2) service had to be made pursuant to the Hague Convention as provided for in OCGA § 9-11-4 (f) (3) (A); (3) the purported "Appointment of Agent for Service of Process on a Foreign Manufacturer" was invalid; and (4) Ronald Ho was not the registered agent for service of process on Sunright International. In response, Rafac filed an affidavit in

3

which he averred that he is the vice president of Sunright International, that he had worked directly under Ronald Ho who is the president and CEO of Sunright International, and that he had seen Ho accept service, as agent, for various legal matters against Jiangsu.

At the hearing on Jiangsu's motion to dismiss, the trial court found that the "Appointment of Agent for Service of Process on a Foreign Manufacturer" form which Rafac had filed was not reliable because it was not dated or signed. The trial court also ruled that Rafac's affidavit did not provide "sufficient evidence." In its written order granting Jiangsu's motion to dismiss, the trial court found that service on Sunright International was not sufficient to constitute service on Jiangsu. The trial court further found that the statute of limitations for claims against Jiangsu had expired, that Rafac had failed to serve Jiangsu within the five-day safe harbor provided by OCGA § 9-11-4 (c), and that Rafac had also failed to submit evidence of due diligence to perfect service. Rafac filed a motion to set aside or reconsider the order of dismissal, which the trial court denied. Rafac then filed an application for discretionary review with this Court, which was denied for his failure to follow the interlocutory appeal procedures. The trial court then entered a final judgment in Jiangsu's favor (OCGA § 9-11-54 (b)), and this appeal followed.

In his sole enumeration of error, Rafac argues that the trial court committed reversible error because it placed the initial burden on him to establish valid service, rather than on Jiangsu to establish insufficient service. We agree.

As an initial matter, we reject Jiangu's contention that we are precluded from reviewing this enumeration of error because this argument was not raised below. At the hearing on the motion to dismiss, Rafac explicitly argued that Jiangsu had a duty to offer evidence to counter Rafac's evidence of proper service and that, without such evidence, Rafac's evidence was controlling. Given Rafac's arguments in the trial court, we can clearly consider his argument that the trial court improperly placed the initial burden on him to prove proper service, rather than on Jiangsu to establish improper service.

Turning now to the merits of Rafac's argument, "[w]hen a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. And this is a heavy burden." (Citation omitted.) *Dinh v. Crosby*, 263 Ga. App. 260, 261 (587 SE2d 320) (2003). Accordingly, Jiangsu "w[as] required to support [its] defenses of insufficiency of process and service of process *with evidence*." (Emphasis supplied.) *Nazli v. Scott*, 203 Ga. App. 523, 524 (2) (417 SE2d 187) (1992). "The defendant is apprised by the [return of service] of what he must

5

contest." (Citation omitted.) *Baughan v. Alaoui*, 240 Ga. App. 661, 663 (1) (524 SE2d 536) (1999). "The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citation omitted.) *Dinh*, supra, 263 Ga. App. at 261.

Here, the sheriff's return of service indicates that a sergeant served Jiangsu at 1715 Lakes Parkway by leaving a copy of the action and summons with Jiangu's agent.[2] "The return of service constitutes prima facie proof as to the facts recited therein, but it is not conclusive [and it] may be traversed by proof that such facts are untrue." (Citation and punctuation omitted.) *Russell v. Muscogee County School Dist.*, 341 Ga. App. 229, 232 (1) (800 SE2d 7) (2017). When Jiangsu raised its affirmative defenses, however, it did not present any accompanying evidence to prove that it had not been properly served. Indeed, at the hearing on its motion to dismiss, Jiangsu repeatedly attacked Rafac's evidence but produced no evidence of its own.

Thus, at the point that the trial court granted the motion to dismiss and ruled that Jiangsu had not been served and Rafac had not been diligent in perfecting

---

[2] See *Kitchen Intl., Inc. v. Evans Cabinet Corp.*, 310 Ga. App. 648, 652 (1) (714 SE2d 139) (2011) (where a foreign corporation is not authorized to do or transact business in Georgia, service may be made under OCGA § 9-11-4 (e) (7) "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.").

6

service, Jiangsu had "failed to present the trial court with any competent evidence, in the form of affidavits or otherwise, to dispute [Ho's] authority to receive service for it." *Nesmith v. Landmark Dodge, Inc.*, 302 Ga. App. 315, 316 (691 SE2d 240) (2010); *Baughan*, supra, 240 Ga. App. at 663 (1) (the defendant "failed to carry her burden in challenging the sufficiency of service" because she "presented the trial court with no evidence bearing upon the issue of agency"); *Nazli*, supra, 203 Ga. App. at 524 (2) (where the tolling of the statute of limitations was dependent on the diligence of the plaintiff in effecting timely service after filing, the defendants were nevertheless "required to support their defenses of insufficiency of process and service of process with evidence"). Jiangsu argues that Rafac was required to serve Jiangsu in accordance with the Hague Convention because Jiangsu had no registered agent in Georgia. But again, at the time that the trial court granted Jiangsu's motion to dismiss, Jiangsu had failed to present any evidence to support its argument in this regard.[3] Cf. *Rovema Verpackungsmaschinen v. Deloach*, 232 Ga. App. 212, 214 (500

---

[3] Jiangsu states that because Rafac's complaint was a renewal action and Ho was served outside the statute of limitations, once Jiangsu disputed service, Rafac had the burden to demonstrate that it exercised the greatest possible diligence to serve Jiangsu. Insofar as Jiangsu is suggesting that it had no evidentiary burden in this case, this proposition finds no support in the law. *Baughan*, supra, 240 Ga. App. at 663 (where plaintiff had evidence of valid service and the defendant challenged the sufficiency of service, the defendant bore the burden of showing improper service

7

SE2d 647) (1998) (German corporation could have been served pursuant to the Hague Convention where no demonstration had been made that it had "designated" its subsidiary company or the subsidiary's registered agent "to act as its agent for service of process"). And although Jiangsu identifies various arguments and assertions that were made in answers and pleadings, these unsworn statements were incapable of impeaching the sheriff's return of service. See *Sirdah v. North Springs Assocs., LLLP*, 304 Ga. App. 348, 352 (3) (696 SE2d 391) (2010) (unsworn allegations in an answer could not satisfy party's burden of proof); *Hudson v. Williams*, 188 Ga. App. 726, 727 (374 SE2d 220) (1988) ("[A] return of service may be impeached by sworn statements made on personal knowledge.").

We recognize that *after* Rafac filed a motion to set aside the judgment, Jiangsu submitted an affidavit of Lu Ying, in which Ying averred that Ho lacked authority to accept service on Jiangsu's behalf. The record does not explicitly show that the trial court ever weighed this affidavit against the return of service and Rafac's other evidence. But even assuming that this arguably belated affidavit could otherwise create a conflict in the evidence, we cannot affirm the trial court's factual findings or

even though the limitations period had expired).

8

its finding of insufficient service because "it appears that the trial court's findings and judgment are based on an error of law." *Scott v. Purser Truck Sales, Inc.*, 198 Ga. App. 611, 612 (1) (402 SE2d 354) (1991) (the principle of not setting aside a trial court's findings unless they are clearly erroneous is inapplicable where it appears that the trial court's findings and judgment are based on an error of law); *Brandenburg v. All-Fleet Refinishing, Inc.*, 252 Ga. App. 40, 41 (555 SE2d 508) (2001) ("[T]he clearly erroneous test is the same as the any evidence rule[.]"); *Parsons*, supra, 320 Ga. App. at 788 (1) (an abuse of discretion in a finding of insufficient service of process occurs where the trial court's ruling misapplies the relevant law).

As explained above, Jiangsu bore the heavy burden of showing improper service. It is apparent, however, that the trial court applied an incorrect legal standard because it found *Rafac's* evidence to be insufficient to demonstrate that Jiangsu had been served and never otherwise explained in any order or ruling that Jiangsu had carried its burden of proof. Because it appears that the trial court incorrectly shifted the burden of proof from Jiangsu to Rafac, we are compelled to vacate its orders granting Jiangsu's motion to dismiss and denying Rafac's motion to vacate and set aside. See *Scott*, supra, 198 Ga. App. at 612 (1) (explaining that the trial court's order failed to reflect that the appellee carried its burden of proof and that the "incorrect

shifting of the burden of proof" from the appellee to the appellant rendered the trial court's application of the relevant law clearly erroneous); *Dept. of Transp. v. Thompson*, 354 Ga. App. 200, 207 (1) (840 SE2d 679) (2020) (vacating the trial court's order on a motion to dismiss and remanding for reconsideration of the motion where the trial court improperly shifted the burden of proof to the defendant).

Accordingly, we vacate the trial court's orders granting Jiangsu's motion to dismiss and denying Rafac's motion to vacate and set aside and remand this case to the trial court for it to reconsider Jiangsu's motion to dismiss under the proper legal standard.

*Judgment vacated and case remanded. Mercier and Coomer, JJ., concur.*