## A05A2246. AHMAD v. EXCELL PETROLEUM, INC.
(623 SE2d 6)

BLACKBURN, Presiding Judge.

In this debt collection action, debtor Mian Ahmad appeals the grant of summary judgment to creditor Excell Petroleum, Inc., arguing that (i) he was never served with process, (ii) Excell failed to submit a Uniform Superior Court Rule 6.5 statement of undisputed material facts with its summary judgment motion, (iii) no competent evidence supported summary judgment, (iv) Ahmad's pending counterclaim precluded entry of summary judgment on the complaint, and (v) the court miscalculated the attorney fees portion of the judgment. We agree that the court miscalculated the attorney fees portion of the award and therefore vacate this portion of the judgment and remand with instruction. We affirm the remainder of the judgment.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

---

[18] Id.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So construed, the record shows that on November 5, 2004, Excell sued Ahmad and a company that owned a gas station to recover for unpaid invoices for gasoline supplied to the defendants pursuant to a contract executed by the three parties. The contract provided that Excell would be entitled to recover its reasonable attorney fees in any collection action. Even though the sheriff was unable to serve Ahmad, Ahmad pro se submitted a letter addressed to the court (dated November 30 and filed in the clerk's office that same day), in which he identified the civil action file number of the complaint, and, strongly denying he owed any debt to Excell, asserted that Excell was instead indebted to him. He did not raise any issue regarding insufficiency of service of process or personal jurisdiction.[2]

Excell moved for summary judgment, submitting an affidavit from an Excell officer personally familiar with Ahmad's account who testified that the amount outstanding on Ahmad's account was $95,663.75 plus interest and attorney fees. Submitting no evidence, Ahmad responded by sending another pro se letter to the court, again denying any debt due to Excell and mentioning nothing about insufficient service of process. The court granted summary judgment to Excell, awarding $95,663.76 in principal, $7,170 in interest, and $14,349.45 in attorney fees. Ahmad appeals this order.

1. Ahmad first argues that the court lacked personal jurisdiction over him since he was never served. A defendant who has not been served with process waives any defect in service when he fails to raise the defenses of lack of personal jurisdiction or lack of sufficiency of process by either motion or an answer as required by OCGA § 9-11-12 (h) (1) (B). *Lee v. Pace.*[3] See *Rawlins v. Busbee.*[4] The defendant must raise the issue before or at the time of pleading; failure to raise the issue before filing an answer constitutes waiver. *Amaechi v. American Honda Finance Corp.*[5] See *Kuller v. Beard Properties.*[6]

Admitting that his pro se letter filed on November 30 did not raise the issue, Ahmad contends that that letter was not an answer to the complaint but was merely a mailing to the judge. Thus, he argues, his failure to raise insufficiency of service until this appeal did not waive the defense, as he has not yet filed an answer. *Tahamtan v.*

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] The company owning the gas station was served but filed no answer, resulting in default judgment against that defendant.

[3] *Lee v. Pace*, 252 Ga. 546, 547 (3) (315 SE2d 417) (1984).

[4] *Rawlins v. Busbee*, 169 Ga. App. 658, 660 (1) (b) (315 SE2d 1) (1984).

[5] *Amaechi v. American Honda Finance Corp.*, 251 Ga. App. 591 (1) (554 SE2d 536) (2001).

[6] *Kuller v. Beard Properties*, 157 Ga. App. 57, 59 (276 SE2d 111) (1981).

*Dixie Ornamental Iron Co.*[7] *Barrell v. Gibson*[8] held, however, that a "short, signed letter denying the indebtedness . . . , while not in the legal form of an answer, constituted a general denial and was adequate" as an answer. Similarly holding that a pro se letter setting forth the case number and a claim of full payment was an adequate answer, *Tahamtan* explained that the basic premise behind the Civil Practice Act — to substitute "notice pleading" for "issue pleading" — means that the courts should not raise technical barriers that prevent pleadings from serving as a means of arriving at fair and just settlements of controversies between litigants. *Tahamtan,* supra at 561-562. Therefore, Ahmad's November 30 letter to the court, which set forth the case number and denied the indebtedness, sufficed as an answer, and Ahmad's failure to raise personal jurisdiction or service of process defenses in that answer waived same. Compare *Baker v. Baker*[9] (postcard to court announcing only counsel's entry of appearance and making no reference to any defenses or denials did not constitute an answer that waived service of process defects).

2. Ahmad contends that Excell failed to submit a statement of material undisputed facts with its summary judgment motion as required by Uniform Superior Court Rule 6.5 and that therefore the court should have denied the motion. This contention fails for at least two reasons. First, "[t]his contention was not raised below and is waived on appeal." *Pourreza v. Teel Appraisals &c.*[10] Second, even if we were to consider the matter, no authority in Georgia requires a trial court to deny a motion for summary judgment on the sole ground that the movant violated USCR 6.5 by failing to submit a statement of material undisputed facts. *Johnston v. Conasauga Radiology, P.C.;*[11] *Edwards v. Atlantic Ins. Co.*[12] Accordingly, we discern no error here.

3. Arguing that the affidavit submitted with the motion was inadequate, Ahmad claims no evidence supported summary judgment. The affiant, however, who served as chief executive officer of Excell, testified from his own personal knowledge and familiarity with Ahmad's account and records that Excell sold Ahmad various petroleum products pursuant to the parties' contract and that based on such sales, Ahmad was indebted to Excell in the amount of $95,663.75, which Ahmad refused to pay. This established a prima

---

[7] *Tahamtan v. Dixie Ornamental Iron Co.,* 143 Ga. App. 561 (239 SE2d 217) (1977).

[8] *Barrell v. Gibson,* 153 Ga. App. 621 (266 SE2d 308) (1980).

[9] *Baker v. Baker,* 215 Ga. 688, 690-691 (2) (113 SE2d 113) (1960).

[10] *Pourreza v. Teel Appraisals &c.,* 273 Ga. App. 880, 884 (616 SE2d 108) (2005).

[11] *Johnston v. Conasauga Radiology, P.C.,* 249 Ga. App. 791, 792-793 (1) (549 SE2d 778) (2001).

[12] *Edwards v. Atlantic Ins. Co.,* 203 Ga. App. 608, 610 (2) (417 SE2d 410) (1992).

facie case for recovery of the debt and was adequate, where uncontradicted, to sustain summary judgment in this amount.

4. Ahmad contends that if accepted as an answer to the complaint, his November 30 letter set forth a counterclaim against Excell when it stated that Excell was indebted to him. Citing OCGA § 9-11-54 (b), Ahmad argues that a pending counterclaim would preclude the court from entering summary judgment on Excell's claim for recovery.

OCGA § 9-11-54 (b) does not in any way preclude the granting of summary judgment on a claim. Rather, the statute merely authorizes a court, even though other claims may remain pending, to enter *final* judgment on one or more claims if the court makes certain express determinations. Thus, assuming a counterclaim by Ahmad existed and remained pending, we hold that such did not prevent the court from granting summary judgment on Excell's claim where there was no disputed material fact on Excell's claim.

5. Finally, Ahmad argues that the court miscalculated the attorney fees awarded under OCGA § 13-1-11. The court awarded $14,349.45 in attorney fees, representing approximately fourteen percent of the principal ($95,663.75) and interest ($7,170) owed (total of $102,833.75). OCGA § 13-1-11 (a) (2), however, allows only fifteen percent of the first $500 of principal and interest plus ten percent of the principal and interest in excess of $500, where the contract (as here) provides for the payment of reasonable attorney fees without specifying any specific percent. According to this formula, the trial court should have awarded Excell $10,308.38 in attorney fees (fifteen percent of the first $500 — which equals $75 — plus ten percent of the remaining $102,333.75 — which equals $10,233.38). Because of this error, we hereby vacate the attorney fees portion of the award and remand the case with the direction that the judgment be amended to show the attorney fees portion as $10,308.38. Cf. *Colonial Bank v. Boulder Bankcard Processing*[13] (vacating attorney fees portion and remanding for proper determination).

*Judgment affirmed in part and vacated in part, and case remanded. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 18, 2005 —
RECONSIDERATION DENIED NOVEMBER 2, 2005 —

---

[13] *Colonial Bank v. Boulder Bankcard Processing*, 254 Ga. App. 686, 693 (8) (563 SE2d 492) (2002).

*Wagner, Johnston & Rosenthal, Kristofer R. Schleicher, S. Bradley Shipe,* for appellant.
*Joe P. Redd,* for appellee.