A09A2175. CITY OF EAST POINT et al. v. JORDAN et al.
(686 SE2d 471)

JOHNSON, Presiding Judge.

In January 2008, Johnathan Battle died after spending approximately 19 hours at the East Point jail. Mia'Kesha Jordan, as the parent and natural guardian of Battle's two-year-old child, and Millicent Takyi, as administratrix of Battle's estate, filed suit against the City of East Point and the East Point chief of police, claiming that Battle died because he suffered a brain injury that remained untreated while he was in custody. The defendants did not respond to the complaint, and the trial court granted the plaintiffs' motion for default. On April 20, 2009, the trial court conducted an evidentiary hearing on damages, without the participation of the defendants, and issued judgment in favor of Jordan and Takyi in the amount of $16 million. On May 18, 2009, the trial court clarified that the judgment against the chief of police was in his official capacity only and otherwise denied the defendants' motion to set aside the judgment. On appeal, the City claims that Jordan and Takyi failed to properly effectuate service of process and, alternatively, that the judgment was insufficient because the trial court's order failed to adequately include findings of fact and conclusions of law. We find no error, and affirm.

1. A defendant who challenges the sufficiency of service bears

the burden of showing improper service,[1] and a trial court's findings of fact regarding service of process will be upheld on appeal absent a showing of an abuse of discretion.[2] Here, the court-appointed process server testified that he personally served both the chief of police and Nina Hickson, who was the city attorney for the City of East Point. At the hearing on the motion to set aside the judgment, Hickson denied having been personally served with the summons and complaint.[3] On appeal, however, the City only pursues its claim that even if Hickson accepted service, she had no authority to do so on its behalf.

"Where the evidence is conflicting with respect to the authority of an employee to receive service, the issue becomes one of fact to be resolved by the trial judge."[4] For the reasons set forth below, we find that evidence supports the trial court's conclusion that Jordan and Takyi properly effectuated service of process.

First, the sole provision of the Charter of the City of East Point regarding service of process provides:

> The city attorney is hereby authorized and directed to acknowledge service of any suit, order, process, proceeding, or notice against the city and to waive formal service and notice, when, in the judgment of the city attorney, such acknowledgment or waiver will or may benefit the city by its advance notice or by expediting the preparation of its defenses or by saving court costs.

Moreover, not only was evidence presented that Hickson held herself out to the process server as someone who could accept service on behalf of the City, her paralegal, the city clerk, and the office manager for the chief of police all claimed that Hickson was authorized to accept service of process on the City's behalf and that anyone seeking to serve the City would be directed to her.

In addition, OCGA § 9-11-4 (e) (5) provides, in relevant part,

---

[1] *Holmes & Co. v. Carlisle*, 289 Ga. App. 619, 620 (1) (658 SE2d 185) (2008).

[2] *Aikens v. Brent Scarbrough & Co.*, 287 Ga. App. 296, 297 (651 SE2d 214) (2007).

[3] We note that Hickson's claims were contradicted by the testimony of the process server, who asserted that when he arrived at City Hall to perfect service, he was directed to Hickson's office; that when he handed Hickson the original summons and complaint, she told him "I can accept these"; and that Hickson then handed him her business card, which he attached to the affidavit of service. In addition, Hickson's paralegal testified that she found an original copy of the summons and the complaint in the filing cabinet for active lawsuits, that the documents were in a file labeled "Mia'Kesha Jordan v. City of East Point," that the file label was written in her handwriting, and that she would not have opened such a file unless Hickson had given her the documents and asked her to create the file. Hickson had no explanation for how the original documents made their way into her filing cabinet.

[4] (Punctuation and footnote omitted.) *Aikens*, supra at 299.

that service upon a city shall be made by delivering the summons and complaint "to the . . . mayor or city manager of the city or to an agent authorized by appointment to receive service of process." Here, the City's mayor acknowledged that he designated Hickson, as the city attorney, to accept service of process and that he instructed persons seeking to serve the City of East Point not to provide the summons and complaint to him, but rather to serve them upon Hickson as the city attorney. Given that service upon an agent is equivalent to personal service,[5] the trial court did not abuse its discretion in finding that service was established upon the City of East Point.

2. The City also claims that the judgment was insufficient because the trial court's order failed to adequately include findings of fact and conclusions of law. However, OCGA § 9-11-52 provides that a trial court must separately include its findings of fact and conclusions of law only upon the request of a party, which must be filed no later than 20 days after entry of the judgment.[6] Here, the City filed motions to set aside the judgment and to open default within 20 days after the judgment was entered, but such post-judgment motions did not allege any error in the sufficiency of the trial court's findings of fact or conclusions of law or request that the trial court amend its judgment to separately make such findings or conclusions. As a result, the City has waived the right to challenge the sufficiency of the findings of fact and conclusions of law contained in the judgment pursuant to OCGA § 9-11-52.[7]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED NOVEMBER 12, 2009 ▮

*William R. Turner, Valerie A. Ross*, for appellants.
*Cooper, Jones & Cooper, Andrew W. Jones, Fried, Rogers & Goldberg, Michael L. Goldberg*, for appellees.

---

[5] See, e.g., *Baughan v. Alaoui*, 240 Ga. App. 661, 663 (1) (524 SE2d 536) (1999); *Headrick v. Fordham*, 154 Ga. App. 415, 416 (1) (268 SE2d 753) (1980).

[6] OCGA § 9-11-52 (c). We note that while the City relies on *Marsh v. Way*, 170 Ga. App. 300 (316 SE2d 599) (1984), *Marsh* was issued prior to the 1987 amendments to OCGA § 9-11-52, which placed the burden on the parties to request findings of fact and conclusions of law. The version of OCGA § 9-11-52 cited by *Marsh* provided that separate findings of fact and conclusions of law were required unless waived in writing by the parties or except "on decisions of motions under Code Section 9-11-12 . . . or 9-11-56 . . . or any other motion except as provided in subsection (b) of Code Section 9-11-41." (Punctuation and emphasis omitted.) *Marsh*, supra at 301; Ga. L. 1970, p. 170, § 1.

[7] *Hathaway Dev. Co. v. Advantage Fire Sprinkler Co.*, 290 Ga. App. 374, 377 (2) (659 SE2d 778) (2008).