A11A0362. KITCHEN INTERNATIONAL, INC. v. EVANS CABINET CORPORATION.

(714 SE2d 139)

BLACKWELL, Judge.

Evans Cabinet Corporation sued Kitchen International, Inc. for breach of contract and unjust enrichment in the Superior Court of Laurens County. After Kitchen failed to file a responsive pleading, the court below entered a default judgment against it in the amount

of $284,378.81, plus interest and costs. Kitchen now appeals from this judgment, contending that it was never properly served with process and that the court below erred when it awarded damages and interest without an evidentiary hearing. We see no error in the finding of the court below that Kitchen was served with process. We conclude, however, that the court could not properly award damages and prejudgment interest to Evans without an evidentiary hearing, so we vacate the judgment below in part and remand for the court to conduct such a hearing.

Evans, a Georgia corporation, is a manufacturer and wholesaler of custom cabinetry. Kitchen is a distributor and supplier of cabinetry, which it often supplies for use in construction projects throughout the United States. In its complaint, Evans alleged that it entered into a contract with Kitchen whereby Evans would manufacture cabinetry and other materials for Kitchen to supply for use in residential construction projects, that Evans manufactured and delivered the cabinetry and materials as the contract required, and that Kitchen failed to pay Evans for these items.[1] Evans sought damages in the amount of $284,378.81, as well as interest. Evans did not, however, attach a copy of the contract or any invoices or other documents establishing the amount it was owed, nor did it allege specifically that the damages it sought were fixed by the terms of the contract or how the damages properly should be calculated.

Although Kitchen appears to maintain its principal place of business in Montreal, Canada, it is a Louisiana corporation and has registered an agent for service of process in Louisiana. It apparently has not registered, however, to do business in Georgia, and it has no registered agent here. Accordingly, after Evans filed suit in Laurens County, it endeavored to serve process upon Kitchen under the so-called "Long-Arm" Statute, OCGA § 9-10-90 et seq.[2] To that end, Evans obtained the appointment of a special process server to serve

---

[1] We have seen some references to litigation apparently pending between Evans and Kitchen in other jurisdictions. But in this appeal, Kitchen does not invoke res judicata, collateral estoppel, judicial estoppel, or any other doctrine of preclusion. For this reason, the happenings in any other such litigation have no bearing on our disposition of this appeal, and we say nothing more today about such things. Kitchen's motion to file a supplemental brief about other litigation pending between the parties is hereby denied, and Evans's motion to strike Kitchen's supplemental filing is denied as moot.

[2] On August 20, 2009, four days before it filed this lawsuit, Evans's lawyer wrote to a lawyer representing Kitchen in a separate case, enclosed a copy of the complaint soon to be filed in Georgia, and asked that Kitchen sign an acknowledgment of service and waive formal service of process. The letter noted that, if Kitchen did not return the acknowledgment form by September 11, Evans "will proceed to have [the] Complaint personally served upon Kitchen International by a process server." Kitchen's lawyer responded in a letter dated September 1, 2009, in which he informed Evans that Kitchen would not waive service and "anticipates original process to be served upon them."

Kitchen's registered agent in Louisiana. On October 19, 2009, Evans filed an affidavit of attempted service by the appointed special process server, in which the process server attested that, when he attempted service on Kitchen's registered agent in Louisiana, he discovered that the address registered with the Louisiana Secretary of State was only a post office box. The process server represented that he had been unable to serve Kitchen through its registered agent or "through any other agent of the company."

On November 16, 2009, another process server served the summons and complaint on the Louisiana Secretary of State as the statutory agent of Kitchen, and Evans filed an affidavit of service on November 23. The Louisiana Secretary of State advised Evans's lawyers that his office had mailed copies of the suit to Kitchen on November 17, addressed both to the Louisiana address of Kitchen's registered agent and to Kitchen's office in Montreal. Both copies were returned to his office by November 24, the word "REFUSED" having been written on each envelope. The Secretary of State mailed the suit again to the Louisiana address, but this mailing was returned on February 4, 2010, bearing an "UNCLAIMED" stamp. Evans moved for entry of a default judgment against Kitchen on February 18, 2010.

Six days later, Kitchen suddenly appeared and removed the lawsuit to federal court. In its notice of removal, Kitchen asserted that, on February 22, 2010, it had received copies of the complaint and motion for entry of default judgment from Evans's lawyers, who had mailed these filings to Kitchen's office in Canada.[3] Kitchen claimed that "February 22, 2010, was the first date of receipt by [Kitchen], through service or otherwise, of a copy of the [complaint]." Evans filed a motion to remand the case, asserting that the removal petition was untimely because it was not filed within 30 days after Kitchen was served with the complaint. Following a hearing, the federal district court granted that motion and remanded the case to the court below. In its order, the district court found that serving the Louisiana Secretary of State was effective to serve Kitchen. The district court acknowledged that, as a general rule, service of a statutory agent does not trigger the running of the 30 days in which a defendant may remove a case to federal court and that this period ordinarily begins to run only when service is made upon the defendant or its agent-in-fact. But the district court declined to apply this general rule to Kitchen, explaining that it was

---

[3] According to Kitchen's notice of removal, the mailing was improperly addressed and was delivered, therefore, to another suite in the building in which Kitchen maintained an office. The recipient of the mailing apparently then slid it under the door of Kitchen's office, where Kitchen's president found it.

Kitchen's own fault in failing to maintain an agent in Louisiana to receive service that precluded service from being accomplished in the usual way.

The case returned to the Laurens County Superior Court on August 2, 2010, and the next day, the court below entered a default judgment against Kitchen. Concluding that the complaint was one for liquidated damages and interest, the court awarded $284,378.81 in damages and unspecified interest to Evans without holding any evidentiary hearing on damages. Kitchen now appeals from the judgment of default.

1. We first consider the claim that Kitchen was never served with process. A defendant who disputes proper service bears the burden of showing a failure of service, and we review a determination by a trial court that a defendant was properly served for abuse of discretion only. *City of East Point v. Jordan*, 300 Ga. App. 891, 891-892 (1) (686 SE2d 471) (2009). The court below found that Kitchen was properly served on November 16, 2009, the date that a process server delivered a copy of the complaint and summons to the Louisiana Secretary of State. We see no abuse of discretion in the finding of proper service.

Kitchen does not dispute that, as a nonresident corporation that transacted business in Georgia, it is subject to the jurisdiction of Georgia courts pursuant to OCGA § 9-10-91 (1). It argues, however, that even under the Long-Arm Statute, service cannot be accomplished by serving the Louisiana Secretary of State as the statutory agent for Kitchen. We disagree.

Where the Long-Arm Statute applies, service can be made "outside the state in the same manner as service is made within the state." OCGA § 9-10-94. Kitchen says that it could only be served in Louisiana in the manner prescribed for service within Georgia by OCGA § 9-11-4 (e) (1). This subsection, however, applies only to service of a "corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state." OCGA § 9-11-4 (e) (1). And because Kitchen has not shown that it is a corporation incorporated or domesticated under the laws of Georgia, because it points to no evidence that it obtained the requisite certificate of authority to transact business in this state from the Georgia Secretary of State, and because it does not dispute that it is a nonresident subject to the Long-Arm Statute, we must conclude that Kitchen is not "authorized to transact business in this state," as that phrase is used in OCGA § 9-11-4 (e) (1). See OCGA § 14-2-1501 (a) (to be authorized to transact business in Georgia, a foreign corporation must obtain a certificate of authority from the Secretary of State); OCGA § 9-10-90 (to be considered a nonresident to which the Long-Arm Statute applies, a corporation

must be neither a Georgia corporation nor a foreign corporation authorized to do or transact business in Georgia). Accordingly, OCGA § 9-11-4 (e) (1) does not govern service of process in this case.

Instead, the proper manner of service is that described in OCGA § 9-11-4 (e) (7).[4] This subsection provides, in relevant part, that service can be made by "delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." Here, Evans was unable to serve Kitchen's registered agent because the address on file with the Louisiana Secretary of State represented nothing more than a mail drop. The question, therefore, is whether the Louisiana Secretary of State is an agent authorized by Louisiana law to accept service on behalf of Kitchen in these circumstances. See *Vibratech, Inc. v. Frost*, 291 Ga. App. 133, 140-142 (1) (b) (661 SE2d 185) (2008) (where a Delaware corporation was not authorized to conduct business in Georgia, court examined whether service was made on a person authorized under Delaware law to accept service). We find that the Louisiana Secretary of State is an agent so authorized by law.

Under the Louisiana Code of Civil Procedure, when a process server attempting to serve a corporation certifies that, despite due diligence, he cannot locate the registered agent of a corporation, any officer or director of the corporation, or any employee of the corporation at a place where the business of the corporation is regularly conducted, "then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address." La. Code Civ. Proc., Art. 1261, 1262. In this case, Evans filed the affidavit of a process server, who stated that, despite his exercise of due diligence, he had been unable to locate and serve the registered agent of Kitchen or any other agent of the corporation. Evans then filed a separate affidavit of service, stating that process had been served upon the Louisiana Secretary of State. Once the Louisiana Secretary of State satisfied his statutory obligation to forward a copy of the summons and complaint to the two addresses known to his office for Kitchen — the address of the registered agent and the address of Kitchen's office in Canada — service was effective. *Louisiana Truck Parts, Inc. v. W & W Clarklift, Inc.*, 444 So2d 733, 734 (La. App. 1984). Cf. *American Consolidated Svc. Corp. v. Nationwide Mut. Ins. Co.*, 156 Ga. App. 193, 195 (1) (273 SE2d 898)

---

[4] This subsection governs service "[i]n all other cases." Other than OCGA § 9-11-4 (e) (1), Kitchen identifies no other law providing for a means of service that might apply in this case. Since it appears that nothing else applies, OCGA § 9-11-4 (e) (7) must apply.

(1980) (under Georgia law, where service may be made upon the Secretary of State, service is effective once that office forwards a copy of the summons and complaint to the corporate defendant).

Despite Kitchen's arguments to the contrary, Georgia law does not require that a defendant have actual notice of a lawsuit for service to be proper. *Vibratech*, 291 Ga. App. at 142 (1) (b). This is particularly true where, as here, any fault for an alleged failure to receive actual notice rests with the party itself. Id. Here, Kitchen did not receive a copy of the summons and complaint because it did not register an address with the Louisiana Secretary of State at which its registered agent could be found. Kitchen also declined to accept any of the three copies of the summons and complaint that the Louisiana Secretary of State mailed to it.[5] Accordingly, we conclude that Kitchen was properly served no later than November 17, 2009, the date on which the Louisiana Secretary of State forwarded copies of the summons and complaint to Kitchen, and the determination that Kitchen was properly served, therefore, is no abuse of discretion.

2. We next consider whether the trial court erred when it found that this case involves liquidated damages and awarded Evans all the damages it requested, without affording Kitchen a hearing on damages. Because this question is a legal one, we review the record de novo and apply a plain legal error standard of review. *GMC Group, Inc. v. Harsco Corp.*, 304 Ga. App. 182, 182 (695 SE2d 702) (2010). For damages to be liquidated, the damages must be in a certain and fixed amount, "a sum which cannot be changed by proof; it is so much or nothing." Id. at 183 (1) (citation and punctuation omitted). But a bare allegation that an amount certain is due and owing under a contract for goods or services is insufficient to render the damages liquidated for purposes of default. Id. See also *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 26-28 (2) (351 SE2d 218) (1986). For the court to conclude upon default that damages are liquidated and dispense with an evidentiary hearing on damages, the plaintiff must have alleged facts sufficient to show how the amount of damages claimed was calculated, or the plaintiff must attach to his complaint the relevant contract, invoices, or other documents demonstrating that the plaintiff is due the amount claimed. *Hazlett*, 181 Ga. App. at 25. Put another way, both the amount of the damages and that the amount is fixed and certain must be ascertainable from the complaint and the documents attached to it, and not merely by reference to allegations of bare conclusions. See id. at 27-28 (2) (for damages to be liquidated, the

---

[5] We note that Kitchen does not assert that these copies were undelivered or undeliverable as addressed.

trial court must be able to ascertain "the amount due under the terms of the agreement without reference to evidence outside the pleadings") (citation and punctuation omitted); *Sellers v. Nodvin*, 207 Ga. App. 742, 746-747 (3) (429 SE2d 138) (1993). The mere fact that a defendant defaulted upon a complaint seeking damages in an amount certain does not make the damages liquidated. *Carter v. Ravenwood Dev. Co.*, 249 Ga. App. 603, 605 (2) (549 SE2d 402) (2001). "Otherwise every case where a specific amount is stated in the complaint as due and owing would be turned into a liquidated amount by the default." *Sellers*, 207 Ga. App. at 747 (3) (citation and punctuation omitted).

The complaint in this case does not allege that the contract between Evans and Kitchen obligates Kitchen to pay Evans an amount certain. Instead, the complaint simply alleges that Evans contracted with Kitchen to manufacture and provide cabinetry and other materials, that Evans provided those items to Kitchen, and that Kitchen failed to remit the amounts owed for those items. Evans did not attach a copy of the contract to the complaint, nor did it allege the precise terms of the contract relating to either the price of the specific cabinetry and other materials or other elements of the contract price, if any.

It may be that Evans's claims in this case are, in fact, claims for liquidated damages. But the complaint does not show that they are, and for this reason, the court below cannot just dispense with the need for Evans to prove its damages. Accordingly, the court erred when it concluded upon default that only liquidated damages were involved and awarded damages without an evidentiary hearing.[6] See *GMC Group*, 304 Ga. App. at 183 (1) (trial court erred in finding that complaint sought liquidated damages where, even though plaintiff attached a copy of the parties' rental contract to the complaint, because that contract was "nearly illegible," failed to identify the equipment rented, and did not include the rental rate or term); *BellSouth Advertising & Publishing Corp. v. Kingdom Adventures, LLC*, 277 Ga. App. 495, 496 (1) (627 SE2d 125) (2006) (complaint did not state a claim for liquidated damages where plaintiff attached copies of the contracts to the complaint and asserted a specific amount due thereunder, "but did not set forth the number of months for which it was owed payment under the contracts at issue, nor did

---

[6] Even if we viewed Evans's complaint as an action on an open account, as Evans's brief now contends we should, we would not reach a different conclusion. This is because the same standard for establishing liquidated damages applies to an open account claim, where the plaintiff ordinarily must attach any invoices "to the complaint showing the goods shipped, the price, and the balance due" to render the damages liquidated for purposes of default. *Imex Intl., Inc. v. Wires Engineering*, 261 Ga. App. 329, 331 (1) (a) (583 SE2d 117) (2003).

it tender its statements totaling the amount of its damages"); *Carter*, 249 Ga. App. at 606 (2) (trial court erred in finding that plaintiff's damages claim was liquidated because, even though the complaint sought specific amounts for lumber and supplies, labor, and other materials, it "did not attach copies of any invoices or other documents evidencing the amounts allegedly due, nor did it attach copies of the parties' agreement").

3. Under Georgia law, prejudgment interest is allowed only on liquidated claims. See *Scovill Fasteners, Inc. v. Northern Metals, Inc.*, 303 Ga. App. 246, 252 (3) (692 SE2d 840) (2010); OCGA § 7-4-15. As discussed in Division 2, however, Evans's complaint does not show that its claims are for liquidated damages, because the complaint does not contain sufficient information to allow the trial court to ascertain the amount owed under the contract and that the amount is fixed and certain. If the evidence at an evidentiary hearing on remand shows that there is a bona fide dispute as to the amount Kitchen owes under the contract, then Evans's claim is not liquidated, and it is not entitled to prejudgment interest. See *Those Certain Underwriters at Lloyds, London v. DTI Logistics, Inc.*, 300 Ga. App. 715, 722 (4) (686 SE2d 333) (2009). On the other hand, if the evidence shows that the sum owed Evans under the contract is fixed and certain, Evans would be entitled to prejudgment interest on that amount at the legal rate.[7] Id. See also OCGA § 7-4-15.

For the reasons set forth above, we affirm the determination of the trial court that Kitchen is in default and that Evans is entitled to a default judgment. We vacate the judgment, however, and remand for an evidentiary hearing on the question of damages.

*Judgment affirmed in part and vacated and remanded in part. Barnes, P. J., and Adams, J., concur.*

DECIDED JULY 7, 2011.

*Trotter Jones, James B. Trotter, William A. Trotter III*, for appellant.

---

[7] In its motion seeking a supersedeas bond, Evans argued that the appropriate interest rate was the statutory rate applicable to commercial accounts, found in OCGA § 7-4-16, and that, applying that interest rate, it was entitled to prejudgment interest in the amount of $234,697.72. Under Georgia law, however, "a recovery of pre-judgment interest pursuant to OCGA § 7-4-16 requires a pre-trial invocation of the applicability of that provision." *Gold Kist Peanuts v. Alberson*, 178 Ga. App. 253, 256 (2) (342 SE2d 694) (1986). Because the complaint says nothing about OCGA § 7-4-16 or whether the contract at issue provides for a certain, identified interest rate, it appears that Evans would be entitled to prejudgment interest only at the applicable legal rate. Id. See also *Spears v. Allied Engineering Assoc., Inc.*, 186 Ga. App. 878, 878 (368 SE2d 818) (1988). The court below may address this issue on remand.

*McKenna, Long & Aldridge, James R. Evans, Charles K. Reed, P. Michael Freed*, for appellee.