# FOURTH DIVISION
## DOYLE, P. J.,
## ANDREWS, P. J. and BOGGS, J.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

February 19, 2013

# In the Court of Appeals of Georgia

A12A2143. ODOUK v. WEDEAN PROPERTIES, INC. et al.     DO-098
A13A0039. ODOUK v. WEDEAN PROPERTIES, INC. et al.     DO-003

DOYLE, Presiding Judge.

Following his eviction after a dispossessory action, Inyang Peter Oduok, acting pro se, sued Wedean Properties, Inc., Dave Wedean, Kenton Wedean, Barbara Finney, Fern Finney, Alpha Evictions and Collections, Todd Scott, Wells Fargo Bank, and three John Doe defendants. The trial court granted summary judgment to Wedean Properties, Inc. and Dave and Kenton Wedean (collectively "Wedean Defendants") and dismissed without prejudice Odouk's claims against the remaining defendants for lack of service or failure to state a claim. Odouk filed separate notices of appeal in Case Nos. A12A2143 and A13A0039, and we have consolidated them

for review because they arise from the same litigation. For the reasons that follow, we affirm Case No. A12A2143 and dismiss as moot Case No. A13A0039.

*Case No. A12A2143*

Odouk's appeal challenges (1) the summary judgment ruling in favor of the Wedean Defendants and (2) the dismissal of the remaining defendants. We address each ruling in turn.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that in May 2004, Anthony Nzeribe executed a deed to secure debt in favor of Wells Fargo Bank, N.A., encumbering residential property in East Point, which property Nzeribe later rented to Odouk. In early 2008, Nzeribe defaulted on his loan from Wells Fargo, and Wedean Properties, Inc., acquired title in a non-judicial foreclosure sale.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

On February 7, 2008, Barbara Finney, d/b/a Alpha Evictions and Collections ("Alpha") filed on behalf of Wedean Properties, Inc., a dispossessory action naming Nzeribe "and all others." The petition was posted on the door of the premises and mailed to Nzeribe.[2]

On March 4, 2008, the Fulton County Magistrate Court granted a writ of possession, and Odouk's appeal therefrom was later dismissed as untimely. A second writ was issued on April 11, 2008, and executed on April 21, 2008. Later in the day on April 21, 2008, Odouk filed an unsuccessful appeal to the magistrate court.

On May 8, 2009, Oduok filed the present action against the defendants alleging wrongful eviction, conversion, conspiracy, trespass, negligence per se, RICO violations, negligent hiring, negligence, fraud, and intentional infliction of emotional distress. On July 17, 2009, the Wedean Defendants filed a motion to open default as a matter of right, averring facts showing improper service, and on September 15, 2009, the Wedean Defendants filed an answer, followed by a motion for summary judgment supported by documentation of the foreclosure and eviction along with affidavits. Oduok filed a cross-motion for summary judgment, and following a

---

[2] See generally OCGA § 44-14-232 (a) (allowing service by tacking a copy of the summons and petition on the door of the premises and mailing a copy to the defendant at his last known address).

3

hearing, the trial court denied Oduok's motion and granted the Wedean Defendants' motion on the ground that "the record does reflect that the foreclosure was lawful and that the eviction was lawful." Oduok filed this appeal.

1. *Wedean Defendants*. As to the Wedean Defendants, Oduok enumerates as error (a) the grant of summary judgment, (b) the failure to enter default judgment against them, and (c) the finding that the eviction was not wrongful. These arguments fail, for the reasons that follow.

(a) *Summary judgment to Wedean Defendants was proper*. Oduok's complaint lists ten counts that essentially arise from the argument that he was wrongfully evicted. Nevertheless, the record contains authenticated documentation of the security interest of Wells Fargo (which predated Oduok's leasehold interest), the recorded deed under power of sale, and affidavits supporting the propriety of the foreclosure sale to Wedean Properties, Inc.

> [I]t is well established that where the grantor [Nzeribe], or his privy [Oduok], in a security deed remains in possession of the premises after lawful foreclosure of the deed, he is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale, or by his privy. Moreover, claimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under OCGA § 44-11-1. The purchaser at a foreclosure sale under a

4

power of sale in a security deed is the sole owner of the property until and unless the sale is set aside.[3]

Because the record lacks a factual dispute as to the proper foreclosure and proper writ of possession entitling Wedean Properties, Inc., to evict Oduok from the premises, Oduok's claims against the Wedean Defendants, which are premised on a wrongful eviction, fail as a matter of law.

(b) *Oduok was not entitled to default judgment against the Wedean Defendants.*

On appeal, absent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed. When the evidence is conflicting with respect to the proper receipt of service, as here, it becomes a question of fact to be resolved by the trial judge. Those findings will not be disturbed on appellate review when supported by any evidence.[4]

Oduok's complaint was filed on May 8, 2009, and a copy of the complaint and summons was served on June 4, 2009 upon "Barbara Hamilton[,] the authorized agent

---

[3] (Citations and punctuation omitted.) *West v. Veterans Administration*, 182 Ga. App. 767, 768 (1) (357 SE2d 121) (1987).

[4] (Citations and punctuation omitted.) *Ballenger v. Floyd*, 282 Ga. App. 574, 575 (639 SE2d 554) (2006).

for Wedean Properties[5]," and upon "Barbara Hamilton[,] the authorized agent for Kent Wedean."

(i) With respect to Kent Wedean, it is undisputed that he is an officer in Wedean Properties, Inc., but the record is unclear as to whether Barbara Hamilton is a misnomer for Barbara Finney, who actually operates Alpha Evictions and Collections (which was apparently misnamed as "Alpha Eviction Services"), and the record does not show how Barbara Hamilton was related to the parties or would be authorized to accept service for the individuals. It is clear from the record that Alpha Evictions and Collections was not appointed as an agent for service of Kent Wedean at the time of the eviction.[6] Thus, the trial court treated the June 4, 2009 return of service as ineffective, finding it insufficient. When Kent Wedean did acknowledge service on August 31, 2009, the trial court treated his verified answer as timely and reached the merits of his summary judgment motion. In light of the record before us,

---

[5]According to pleadings filed by Wedean Properties, it learned of the lawsuit after receiving a copy of the complaint via UPS mail. It also noted that its registered agent for service was not Barbara Hamilton, but "Kristin Jahn, 555 Sun Valley Drive, Suite F2, Roswell, Fulton County, Georgia 30076."

[6] See *Bible v. Hughes*, 146 Ga. App. 769, 771 (3) (247 SE2d 584) (1978) (service on a secretary at party's office is not service upon the party unless the secretary was appointed as an agent for service).

we discern no abuse of discretion by the trial court in its failure to find Kent Wedean in default.[7]

(ii) With respect to Dave Wedean, there is no return of service, but he likewise acknowledged service on August 31, 2009, and answered on September 15, 2009, so he was not in default.

(iii) Wedean Properties, Inc., paid costs and filed its answer on July 17, 2009, which was within the 15-day period for opening default as a matter of right under OCGA § 9-11-55 (a). Accordingly, a default judgment would not have been proper against Wedean Properties, Inc.

(c) *The eviction was authorized by law.* For the reasons stated in Division 1 (a), this enumeration fails.[8]

2. *The trial court did not err by dismissing the remaining defendants.* As to the remaining defendants, the trial court dismissed the claims against them without prejudice on the grounds that the complaint was not served on them or failed to state

---

[7] See *Jones v. Lopez-Herrera*, 308 Ga. App. 81, 83 (706 SE2d 609) (2011).

[8] Any discrepancy as to the petitioning party named on the writ of possession is not a cause for reversal because the alleged misnomer was not challenged in the magistrate court. See *Donald v. Luckie Strike Loans, Inc.*, 148 Ga. App. 318, 320 (251 SE2d 168) (1978) ("If no objection is made and no amendment filed, it is too late after final judgment to raise the issue.").

a claim against them. The record lacks any return of service for Barbara Finney, Wells Fargo, and "Baba,"[9] so there was no error in dismissing those defendants. As noted in Division 1 (b) (i), the remaining returns of service are somewhat ambiguous on their face. They state that Barbara Hamilton was served as authorized agent for Todd Scott and "Fern Finnly" (not Fern Finney). But the returns of service also aver that Barbara Hamilton was the registered agent of Wedean Properties, Inc., and there is no evidence of her relationship to the persons purported to be served, which calls into question their validity.[10] It is clear from the record that the trial court, after holding a scheduling conference and hearing from those defendants, did not consider valid those questionable returns of service based on that conference. The trial court allowed Odouk additional time to perfect service, which he attempted to do by mail, but this was ineffective.[11] Based on the record before us, we find no abuse of discretion by the

---

[9] "Baba" was listed in the trial court's order but apparently dropped as a party in Odouk's amended complaint.

[10] See *Headrick v. Fordham*, 154 Ga. App. 415, 417 (1) (268 SE2d 753) (1980) (service "must be made on an actual agent," not someone merely affiliated with the intended defendant).

[11] See *Gormong v. Cleveland Elec. Co.*, 180 Ga. App. 481, 482 (349 SE2d 500) (1986) ("It long has been the law of this state interpreting this provision that the required 'personal' service cannot be effected upon a resident defendant by use of mail, registered or otherwise.").

trial court in finding insufficient service of process. Therefore, the trial court did not err in dismissing the remaining defendants.

*Case No. A13A0039*

3. This case involves identical briefs on the same record. The order named in the notice of appeal was amended in Oduok's favor following remand from this Court in an earlier appeal. Therefore, this appeal is dismissed as moot.

*In Case No. A12A2143, judgment affirmed; Case No. A13A0089 is dismissed. Andrews, P. J. and Boggs, J., concur.*

9