**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 28, 2015**

# In the Court of Appeals of Georgia

A15A1224. MOLETTE v. CITY OF FOREST PARK et al.

BARNES, Presiding Judge.

Cleve Lawrence Molette filed a pro se civil action alleging, among other things, civil rights violations under 42 USC § 1983 against the City of Forest Park, and Police Chief L. Dwayne Hobbs, and Sergeant Erik Kurtz, in their official and individual capacities. (Hereinafter "the City").[1] Based on the City's failure to file an answer, Molette subsequently filed a motion for default judgment against the City, which the trial court denied because Molette had served the City Attorney, who was

---

[1] Molette's action arose from a December 22, 2012 encounter with Sergeant Kurtz, who had ordered Molette to remove his mask because it was in violation of OCGA § 16-11-38, Georgia's anti-mask statute. Molette responded that he was wearing the mask to protect his face from the cold while running outside. His civil rights complaint was filed based on his claim that the officer's command was unlawful, because the statute at question does not apply to sporting activities. See OCGA § 16-11-38 (b) (2).

not "an agent authorized to receive service of process" for the City.[2] Molette then re-served all three parties individually with process, and the City filed an answer. Molette subsequently filed a motion to set aside the order denying his motion for default judgment in which he argued that his earlier service was perfected because the City Attorney was an authorized agent for purposes of service of process on the City. On October 13, 2014, the trial court denied the motion to set aside and in the same order, based the court's conclusion that Molette still had not perfected service on the City, dismissed the complaint without prejudice.

Molette filed an application for discretionary review, which, on December 3, 2014, this Court granted upon finding that the trial court's October 13 order was directly appealable under OCGA § 5-6-34 (a) (1), because it also dismissed Molette's complaint. However, on December 4, the trial court entered a subsequent order in which it acknowledged that Molette had, in fact, perfected service upon the City when he re-served the City after filing his motion for default judgment, and rescinded the dismissal of the complaint. Mollette appeals pro se from the original October 13 order, and contends that, (1) the trial court erred in finding that the city attorney was

---

[2] Molette did not seek a default judgment against Hobbs and Kurtz in their individual capacities.

2

not an authorized agent, (2) the trial court erred in finding that service was not perfected on an authorized agent, (3) the trial court erred in denying his motion for default judgment, and (4) the trial court erred in dismissing his case for lack of timely service.

Based on our review, and for the reasons that follow, we affirm the trial court's denial of Mollete's motion to set aside the denial of his motion for default judgement and its finding that service of process upon the city attorney was insufficient, but reverse the trial court's order dismissing the action for insufficient service.

1. As noted, subsequent to its order dismissing Molette's action for insufficient service of process, the trial court in its December 4 order determined that the City had been properly served after Molette filed his motion for default judgment, and rescinded the dismissal, but "not . . . the portion . . . denying [Molette's] Motion to Set Aside Judgment pertaining to the denial of Default Judgment." . However, the order was entered after Molette filed his application for discretionary review. OCGA § 5-6-35 (h) provides that "[t]he filing of an application for appeal shall act as a supersedeas to the extent that a notice of appeal acts as supersedeas." The supersedeas of a filed application or notice of appeal "deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to

3

supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." (Citations omitted.) *Upton v. Jones*, 280 Ga. 895, 896 (1) (635 SE2d 112) (2006).

Although the December 4 order was without effect, the City concedes that the evidence demonstrates that Molette had perfected service before the trial court dismissed his complaint. Accordingly, that portion of the trial court's October 13 order dismissing Molette's action is reversed.

2. Molette also contends that the trial court erred in finding that the City Attorney was not an agent authorized to receive service of process for the City, and therefore erred in denying his motion for default judgment. He appears to maintain that because the City Attorney is an "appointed" agent of city officials and designated by the city Charter to represent the officials in litigation, and service of process "is the initial step in litigation defense," then the City Attorney is authorized to receive service of process. We are not persuaded.

"A defendant who challenges the sufficiency of service bears the burden of showing improper service, and a trial court's findings of fact regarding service of process will be upheld on appeal absent a showing of an abuse of discretion." (Footnotes omitted.) *City of East Point v. Jordan*, 300 Ga. App. 891, 891-892 (1)

(686 SE2d 471) (2009). OCGA § 9-11-4 (e) (5) provides, in relevant part, that service upon a city shall be made by delivering the summons and complaint "to the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city, or to an agent authorized by appointment to receive service of process." The Charter of the City of Forest Park provides that the

> [t]he city attorney or such assistant city attorneys *may be* responsible for representing and defending the city in all litigation in which the city is a party; may at the discretion of the city council be the prosecuting officer in municipal court; shall attend the meetings of the city council as directed; shall advise the council, mayor and other officers and employees of the city, concerning legal aspects of the city's affairs, and shall perform such other duties as provided by the city council.

(emphasis supplied.) 1988 Ga. L. 4427, §3.13. The Charter does not authorize the City Attorney to act as agent for the city or its officials for purposes of perfecting service upon the city. Compare *City of East Point*, 300 Ga. App. at 892 (1) (City Charter specifically provided that "[t]he city attorney is hereby authorized and directed to acknowledge service of any suit, order, process, proceeding, or notice against the city.") Accordingly, the trial court did not err in its conclusion that service was not perfected by service upon the City Attorney, and in denying Molette's motion for default judgment.

5

3. Molette argues that the trial court erred in finding that service had not been perfected before he filed his motion for default judgment. However as explained in Division 2, the City Attorney was not an authorized agent for that purpose and thus Molette's initial attempt at service was insufficient. We need not address Molette's argument that the trial court erred in finding in its October 13 order that service still had not been perfected on the City, given that the City, and indeed the trial court, concede that the ruling was erroneous, and that service had been perfected upon the City by that date.

4. Molette also contends that the trial court erred in denying his motion to set aside the judgment denying his motion for default judgment. His argument that the trial court should have granted his motion for default judgment and subsequent motion to set aside the judgment because the City Attorney was properly served as an agent for the City is unavailing as explained in Division 2.

*Judgment affirmed in part, reversed in part. Ray and McMillian, JJ., concur.*

6