**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 4, 2017**

# In the Court of Appeals of Georgia

A17A0843. BARNWELL v. DOUGLASVILLE AUTO DETAIL, LLC, et al.

McMILLIAN, Judge.

Kenneth Barnwell filed suit against Douglasville Auto Detail, LLC ("DAD") and its owner, LaGrand Thornton, alleging that DAD caused over $5,000 in damage to his recreational vehicle. Following a bench trial, the trial court entered an order holding that Barnwell had not properly served DAD and, therefore, it was without jurisdiction to adjudicate any claims against DAD. Barnwell now appeals, asserting that the trial court erred in its findings because (1) service was perfected against DAD; (2) DAD waived any defense of insufficiency of service; and (3) DAD is in default. For the reasons that follow, we reverse and remand.

"A defendant who challenges the sufficiency of service bears the burden of showing improper service[.]" (Citation and punctuation omitted.) *Molette v. City of Forest Park*, 335 Ga. App. 222, 224 (2) (780 SE2d 780) (2015). "On appeal, absent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed." (Citation omitted.) *Oduok v. Wedean Props.*, 319 Ga. App. 785, 787 (1) (b) (738 SE2d 626) (2013). The record shows that in October 2015, Barnwell brought his recreational vehicle to DAD to have it detailed. When Barnwell returned the following day, he allegedly discovered body damage and a crack in the vehicle's windshield. When Thornton, the principal owner of DAD, later refused to reimburse him for the damage, Barnwell filed suit against both DAD and Thornton in December 2015.

On January 19, 2016, a sheriff's entry of service was filed, indicating that Thornton had been served at DAD's business address on January 14, 2016. On January 28, 2016, a second entry of service was filed, this time showing that Thornton had been personally served at his home address on January 17, 2016. Thornton filed a pro se answer on February 1, 2016, denying liability. On February 23, 2016, counsel filed an entry of appearance on behalf of both Thornton and DAD. Thereafter, the record indicates that all parties engaged in discovery.

2

A bench trial was conducted on October 5, 2016, and with the assistance of counsel, all parties presented evidence. Following the defendants' closing argument, the trial court inquired into whether an amended answer had ever been filed. It was then discovered that, although defense counsel had emailed to plaintiff's counsel a courtesy copy of an amended answer on behalf of both Thornton and DAD in March 2016, it had mistakenly never been filed with the court. In his closing argument, Barnwell conceded that he was unable to recover against Thornton individually but argued that DAD had never filed an answer and was therefore in default. On October 7, 2016, the trial court entered an order finding that Barnwell had failed to perfect service on DAD and that it was therefore without jurisdiction to adjudicate any claims against DAD.[1] This appeal followed.

1. It is well settled that "[a] defendant who has not been served with process waives any defect in service when he fails to raise the defenses of lack of personal jurisdiction or lack of sufficiency of process by either motion or an answer as required by OCGA § 9-11-12 (h) (1) (B)." (Citations omitted.) *Ahmad v. Excell Petroleum, Inc.*, 276 Ga. App. 167, 168 (1) (623 SE2d 6) (2005). Thus, pretermitting

---

[1] With respect to Barnwell's claims against Thornton individually, the trial court found in favor of Thornton. Barnwell does not appeal this portion of the trial court's order.

whether Barnwell properly served DAD with process, if DAD failed to raise this defense, it is waived. See id.

It is clear that the pro se answer filed by Thornton on February 1, 2016 cannot suffice as an answer for DAD.[2] See *Eckles v. Atlanta Tech. Group, Inc.*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997) (corporations are not allowed to appear pro se in a court of record). And, as confirmed at the bench trial, DAD did not later file an answer on its behalf. Nor does the record contain a motion in which DAD raised the defense of insufficient service of process. Therefore, DAD has waived this defense and consented to the jurisdiction of the trial court.[3] See *Brown v. Foke Props. 2002, Inc.*, 283 Ga. 231, 232 (1) (657 SE2d 820) (2008) (where court otherwise has subject matter jurisdiction, defendant's waiver "confers jurisdiction of his person regardless of the fact that process was not served on him or that the service may have been defective") (citation omitted); *McNeil v. McCollum*, 276 Ga. App. 882, 889 (3) (625

___

[2] We note that this answer did not include a defense of insufficiency of service of process.

[3] Moreover, the parties prepared a consolidated pretrial order in this case, and neither defendant raised any defense regarding insufficient service of process. And where a claim or issue is omitted from a pretrial order, it is waived. See *Rice v. Cropsey*, 203 Ga. App. 272, 273 (1) (416 SE2d 786) (1992) (defendant waived defenses of lack of personal jurisdiction and insufficient service of process by omitting them, without objection, from the pretrial order).

SE2d 10) (2005) (defense of insufficiency of service of process is waived if it is neither made by motion nor included in a responsive pleading as originally filed). Accordingly, the trial court erred in finding it did not have jurisdiction over DAD, and that portion of its order must be reversed.

2. Barnwell also asserts that the trial court erred in failing to find that DAD was in default. However, because the trial court found that it did not have jurisdiction to adjudicate any claims against DAD, it did not reach this issue. "Where the trial court has not ruled on an issue, we will not address it." *Barnes v. Smith*, 339 Ga. App. 607, 608, n.1 (794 SE2d 262) (2016).

*Judgment reversed and case remanded for further proceedings. Barnes, P. J., and Mercier, J., concur*.